**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| *Plaintiff*, | ) | Case No. 22 CV 6141 |
| *v.* | ) | Hon. Edmond E. Chang |
| REYNALDO GUEVARA, *et al.*, | ) | |
| *Defendants*. | ) | |

**DEFENDANT OFFICERS' RESPONSE TO PLAINTIFF'S MOTION TO APPOINT SPECIAL REPRESENTATIVES FOR DECEASED INDIVIDUALS HALVORSEN, RABBIT, AND CAPORUSSO**

Defendant Officers Robert Biebel, Edward Mingey, Lee Epplen, Edward Strandberg, and Steve Gawrys (collectively herein referred to as "Defendants"), by their attorneys, respectfully submit this response to Plaintiff's motion to appoint special representatives for deceased individuals Ernest Halvorsen, Louis Rabbit, and Noel Caporusso, stating as follows:

1. Plaintiff's motion confuses Illinois statutes on the issue of the appointment of a special representative and disregarded Defendants' counsels' efforts to work out the issue of the appointment of a special representative in this matter. Plaintiff's motion must be denied as written because it asks the Court to appoint a special representative for deceased defendants, but also apparently seeks appointment of a "personal representative" of an estate (*compare* Pl. Mot. ¶ 6 *with* ¶ 11), which this Court does not have the power to do. *See infra* ¶10.

2. Plaintiff Daniel Rodriguez filed his Complaint on November 4, 2022, alleging federal and state law causes of action arising from his conviction for the 1991 murder of Jose Hernandez, Jr. (Dkt. 1.) Plaintiff further alleges that various Chicago Police Department

employees—including Ernest Halvorsen, Louis Rabbit, and Noel Caporusso — violated Plaintiff's right to a fair trial. *Id.*

3. Ernest Halvorsen died on January 26, 2020; Louis Rabbit died on November 11, 2011; and Noel Caporusso died on September 10, 2020. To date, counsel for Defendants are not aware of estates being opened or letters of office being issued relative to an estate for Mr. Halvorsen, Mr. Rabbit, or Mr. Caporusso. Counsel for Defendants also confirmed with surviving family members of the deceased individuals that no estates have been opened.

4. Plaintiff named "JoAnn Halvorsen as Personal Representative of the Estate of Ernest Halvorsen" as a defendant in his Complaint (Dkt.1), and also caused a summons to be issued and served upon her in that representative capacity (Dkt. 9), despite the fact that no estate had been opened for Ernest Halvorsen, deceased, and no court of competent jurisdiction had appointed JoAnn Halvorsen as a "Personal Representative" for an estate of Ernest Halvorsen. These facts were known to Plaintiff's Counsel prior to the filing of this lawsuit from other litigation involving the late Ernest Halvorsen since at least January 27, 2020. (*See* Dkt. 25, ¶ ¶3-5.)

5. Defense Counsel attempted to resolve the erroneous summons and complaint naming Mrs. Halvorsen as a defendant personal representative of a non-existent estate with Plaintiff's Counsel, and to also reach a stipulation regarding Mrs. Halvorsen's role as a special representative. (Ex. A, *Email Exchange re JoAnn Halvorsen*, at 3-8.) However, the efforts to reach a stipulation failed, and Plaintiff's Counsel refused to withdraw the summons and complaint against Mrs. Halvorsen, knowing full well no estate existed for Ernest Halvorsen, deceased, and that she had not been appointed as a special representative by this Court to defend this action. (Ex. A, at 1-5.)

6. Consequently, Mrs. Halvorsen filed a motion to dismiss. (Dkt. 25.) Plaintiff failed to respond to Mrs. Halvorsen's motion to dismiss in compliance with the Court's December 8, 2022, Order (Dkt. 41), and instead, submitted his position on the matter in the January 20, 2023, Joint Status Report, stating "[Mrs. Halvorsen's] motion should be granted once an alternative special representative is appointed for the deceased defendants." (Dkt. 53, at 3.) However, this Court granted Mrs. Halvorsen's motion to dismiss on January 24, 2023. (Dkt. 56.)

7. Following the filing of Mrs. Halvorsen's motion to dismiss, Defense Counsel assisted Plaintiff's Counsel in identifying and appointing an appropriate special representative for each of the deceased individuals, including Ernest Halvorsen. (Ex. B, *Email Exchange re Appointing Special Representative*s, at 4-10.)

8. Prior to Plaintiff filing his motion to appoint special representatives, Defense Counsel corresponded with Plaintiff's Counsel, and provided suggested edits to a joint motion in an attempt to submit the motion as agreed. (Ex. B, at 1-6.) Significantly, part of these edits informed Plaintiff that he was citing to the incorrect statute, 735 ILCS 5/13-209(c)(1)&(2), and not to the appropriate statute regarding the appointment of a special representative without opening an estate, as is allowed by Illinois law under certain conditions. *See* 735 ILCS 5/13-209(b)(2). Plaintiff nevertheless refused to include Defendants' edits and completely ignored the statutory citation error and related concerns raised by Defense Counsel. Instead, Plaintiff filed the current *opposed* motion seeking appointment of a "personal representative" pursuant 735 ILCS 5/13-209 (c)(1) - (2). (Dkt. 52); (Ex. B.)

9. Defendants agree that Illinois law provides a mechanism for the appointment of a special representative, without the opening of an estate, for purposes of defending an action that

survives a defendant's death.735 ILCS 5/13-209(b)(2); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative.) However, Plaintiff's motion apparently seeks the appointment of a "Personal Representative" pursuant to 735 ILCS 5/13-209 (c), which this Court does not have the authority to do. *Id.*; *see also Lichter v. Carroll*, 2022 IL App (1st) 200828 at ¶¶ 14-15.

10. A personal representative and a special representative are "not interchangeable… they are, in fact, mutually exclusive." *Lichter,* at ¶15. A personal representative is "appointed after an estate is opened in a probate action and letters of office are issued naming that personal representative." *Id.,* at ¶14. "A special representative is not appointed for the purpose of settling an estate…a special representative…is appointed for the limited purpose of representing the [decedent] in a particular proceeding where no personal representative is named." *Id.* at ¶15. As there are no estates for any of the deceased, nor is there an action in Probate Court to do so, appointing a "Personal Representative" is the incorrect manner in which to proceed. The appropriate—and only current option for Plaintiff— is to request a "Special Representative" pursuant 735 ILCS 5/13-209 (b)(2).

11. In sum, this Court can appoint special representatives for the deceased individuals so that this action can be maintained against Mr. Halvorsen, Mr. Rabbit, and Mr. Caporusso, but has no authority to appoint a personal representative, as only a probate court has authority to do so.

12. This response is not made for purposes of delaying these proceedings, or frustrating the appointment of an appropriate special representative for the deceased individuals, but rather to ensure that the parties are proceeding with the appropriate procedures as required by the correct statutory authority and case law. Counsel for Defendants informed Plaintiff's Counsel

that the next of kin for both Mr. Halvorsen and Mr. Caporusso have declined to be appointed as special representatives, and that Geri Lynn Yanow, an attorney, is willing to serve as special representative for both Halvorsen, deceased, and Caporusso, deceased, pursuant to 735 ILCS 5/13-209(b)(2). Further, Defense Counsel has informed Plaintiff's Counsel that Janice Rabbit, the widow of Louis Rabbit, is willing to serve as special representative for Louis Rabbit, deceased, pursuant to 735 ILCS 5/13-209(b)(2). Upon appointment of Ms. Yanow and Mrs. Rabbit as special representatives, the undersigned counsel will accept service of the complaint on their behalf and is willing to waive summons in accordance with Rule 4(d).

13. Defendants make clear that by facilitating the appointment of special representatives in this matter, they do not forgo or waive any defenses and retain the right to assert any defenses and pursue any dispositive and post-judgment motions available under Illinois law and the Federal Rules of Civil Procedure— including but not limited to dismissal, summary judgment, judgment as a matter of law, relief from order or judgment, and the right to pursue any appeals in this matter.[1] *See* 735 ILCS 5/13-209(b)(2).

WHEREFORE, in light of the foregoing, Defendants Robert Biebel, Edward Mingey, Lee Epplen, Edward Strandberg, and Steve Gawrys respectfully request this Honorable Court to deny Plaintiff's motion to appoint special representatives for deceased individuals pursuant to 735 ILCS 5/13-209 (c), as the relief sought cannot be given by this Court, and instead, pursuant 735 ILCS 5/13-209 (b)(2)—appoint Geri Lynn Yanow as Special Representative for Ernest Halvorsen, deceased, and Noel Caporusso, deceased, appoint Janice Rabbit as Special

[1] Plaintiff will not seek punitive damages against Mr. Halvorsen, Mr. Rabbit, Mr. Caporusso, or their respective Special Representatives. (*See* Pl. Mot. ¶ 9.)

Representative for Louis Rabbit, deceased, and for such other relief as the Court deems appropriate.

Dated: February 9, 2023

Respectfully submitted,

/s/ Carson W. Canonie
CARSON W. CANONIE, Attorney No. 6332523
*Special Assistant Corporation Counsel for Defendants Biebel, Mingey, Epplen, Strandberg, & Gawrys*

James G. Sotos
Josh M. Engquist
Joseph M. Polick
Mark F. Smolens
Carson W. Canonie
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
(630) 735-3300
ccanonie@jsotoslaw.com

**CERTIFICATE OF SERVICE**

I certify that on February 9, 2023, I electronically filed the foregoing **Defendant Officers' Response to Plaintiff's Motion to Appoint Special Representative for Deceased Individuals Halvorsen, Rabbit, and Caporusso** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

***Attorneys for Plaintiff***
Anand Swaminathan (anand@loevy.com)
Steven Edwards Art (steve@loevy.com)
Arthur R. Loevy (arthur@loevy.com)
Jonathan I. Loevy (jon@loevy.com)
Sean Starr (sean@loevy.com)
Annie Davey Prossnitz
(prossnitz@loevy.com)
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
P: 312-243 5900

***Attorneys for Reynaldo Guevara***
Thomas M. Leinenweber
(thomas@ilesq.com)
Megan K. McGrath (mkm@ilesq.com)
Leinenweber Baroni & Daffada LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
P: 847-251-4091

***Attorneys for Cook County***
Joseph A. Hodal
(Joseph.hodal@cookcountyil.gov)
Cook County State's Attorney's Office
500 Richard J. Daley Center, 5th Floor
Chicago, IL 60602
P: 312-603-5470

***Attorneys for Patrick Walsh***
Kenneth M. Battle (kbattle@mokblaw.com)
Michele J. Braun (mbraun@mokblaw.com)
O'Connor & Battle, LLP
111 W. Jackson Blvd., suite 1700
Chicago, IL 60604
P: 312-786-4600

Patrick Walsh (patrick@pwalsh.com)
Patrick W. Walsh, Attorney at Law
33 S. Garfield St.
Hinsdale, IL 60521
P: 630-794-0300

***Attorneys for the City of Chicago***
Eileen E. Rosen (erosen@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Austin Gordon Rahe (arahe@rfclaw.com)
Lauren Ferrise (lferrise@rfclaw.com)
Rock Fusco & Connelly, LLC
333 W. Wacker Dr., 19th Floor
Chicago, IL 60606
P: 312-494-1000

s/ Carson W. Canonie
CARSON W. CANONIE, Attorney No. 6332523