**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | Case No. 22-cv-6141 |
| *Plaintiff*, | ) | |
| | ) | Hon. Edmond E. Chang |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Sunil R. Harjani |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's orders, ECF Nos. 117 and 124, the undersigned parties provide the below update on the status of this litigation:

1. ***Written Discovery***

The parties have all issued written discovery and responded to written discovery. The parties have also been engaged in ongoing conferrals regarding the supplementation of written discovery, and will continue to work cooperatively to resolve any disputes and promptly file any motions that become necessary if the parties are not able to reach agreement.

3. ***Depositions***

- The following depositions have occurred:
    - Defendant Guevara
    - Defendant Biebel
    - Defendant Mingey
    - Defendant Gawrys
    - Defendant Edward Strandberg
    - Defendant Epplen

- The following depositions are scheduled[1]:

    - Jason Rivera – 2/21/24
    - Jo-Ann Garcia – 3/6/24
    - Delbert McCullum – 3/7/24
    - Gloria Rojas – 3/11/24
    - Plaintiff Daniel Rodriguez – 3/12/24
    - Diane Doyle – 3/14/24 (subject to witness availability)
    - Michael Fleming – 3/19/24
    - Defendant ASA Patrick Walsh – 3/20/24
    - George Laureano – 3/21/24 (subject to confirming witness availability)
    - ASA Kevin Noonan – 3/22/24 (subject to witness availability)

- The following depositions need to be scheduled, and the parties are working to contact these individuals, and schedule mutually agreeable dates for their depositions[2]:

    - Lisa Brean
    - Clifford Carter
    - Raymond Garciano
    - ASA Matt Coghlan
    - Julia Velez
    - Timothy Bennett

---

[1] The parties have confirmed that the following witnesses are deceased: Chicago Police Officers O'Shea, Tororiello and Brogan.

[2] Defense counsel are awaiting word from Mr. Hodal, counsel for Cook County, as to who will produce former ASAs Noonan and Coghlan. Plaintiff's investigators are attempting to locate Raymond Navarro, Juan Sepulveda (possibly deceased, but have not been able to confirm), and Ulises Arroyo.

- - o Juanita Wilson[3]
    - o Surma Rojas
    - o Raymond Navarro
    - o Juan Sepulveda
    - o Ulises Arroyo
    - o Officer Jambrosek – The City has recently been in contact with Mr. Jambrosek and is evaluating whether his health issues prevent him from sitting for a deposition.
  - Plaintiff and Defendant Walsh, a former Assistant State's Attorney, have a disagreement regarding the length of any deposition of David Velasquez, a third party witness in this matter. The parties' positions are as follows:

Plaintiff's position: David Velazquez was previously deposed as a 404(b) witness in *Reyes/Solache v. City of Chicago*, over the course of two days, on June 28 and September 8, 2021. *See* Exhibits 1 and 2 (deposition transcripts). Mr. Velazquez was deposed exclusively as a 404(b) witness, based on his role as a witness in *this* case, *i.e.*, the investigation that resulted in the conviction of Plaintiff Daniel Rodriguez. He was questioned by the same attorneys from the Sotos Law Firm and Rock Fusco & Connelly that are counsel in this matter (who, to their credit, are not seeking additional questioning), at which time he was questioned extensively about the entirety of what occurred during his interactions with Defendant Guevara, and the other police and prosecutors, resulting in Plaintiff Daniel Rodriguez's conviction. *See, e.g.*, Ex. 1 at 16-93, 104-130, 143-147, 154-158. Mr. Velazquez was questioned at length about his specific interactions with Assistant States Attorneys, and the process by which his handwritten statement was taken by

3

the State's Attorneys. Ex. 1 at 76-88, 104-110. Notably, Mr. Velazquez was asked whether he had any memory of Defendant ASA Patrick Walsh, and Mr. Velazquez was clear that he did not. *See* Ex. 1 at 106; *see also* 86-87; *cf.* 76-86 (testifying to the actions of a female State's Attorney, but no memory of actions of a male State's Attorney such as Patrick Walsh). Thus, it is not clear what purpose could be achieved by questioning him further when he has already been questioned extensively on the same topics, and has made clear that he does not remember any interactions with Defendant Walsh. In addition, Mr. Velazquez testified on at least four other occasions: at the criminal trials of (1) Plaintiff Daniel Rodriguez and (2) his co-defendant, George Laureano, as well the post-conviction evidentiary hearings of (3) Reyes and Solache, and (4) Jose Montanez and Armando Serrano. On all four of those occasions, Mr. Velazquez was questioned by Assistant State's Attorneys about the exact same allegations of misconduct at issue here. At his depositions in the *Reyes/Solache* matter in 2021, Mr. Velazquez was visibly upset about being forced to repeatedly testify about this same subject, and testified about the toll of reliving these events. Ex. 2 at 160-62. For these reasons, Plaintiff proposes a compromise in which Defendant Walsh be permitted one hour of additional questioning of Mr. Velazquez.

<u>Defendant Walsh's Position:</u>  Defendant Walsh was not represented by counsel at any of the depositions or court proceeding in which Mr. Velasquez previously testified. It would severely prejudice Defendant Walsh if his attorneys were now required to limit their questioning to one hour when they did not have an opportunity to question him in these prior proceedings and have no idea if he will be cooperative or not.

4. **Settlement.** The parties have not engaged in any settlement discussions to date. In the parties' prior joint status report, Plaintiff communicated his view that settlement discussions would be beneficial and would conserve the parties' and taxpayers' resources. The City indicated

4

that it could not evaluate whether a settlement conference would be productive without a demand. Plaintiff will be sending a settlement demand this week.

Dated: February 14, 2023

Respectfully submitted,

| | |
|---|---|
| /s/ Eileen E. Rosen | /s/ Josh M. Engquist |
| Eileen E. Rosen | Josh M. Engquist |
| Special Assistant Corporation Counsel | Special Assistant Corporation Counsel |
| *One of the Attorneys for City of Chicago* | *One of the Attorneys for Defendant Officers* |

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren M. Ferrise
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, Illinois 60606
(312) 494-1000
erosen@rfclaw.com

Josh M. Engquist
James G. Sotos
Joseph M. Polick
Mark Smolens
Thomas J. Sotos
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, Illinois 60604
(312) 663-3003
jengquist@sotoslaw.com

/s/ Thomas M. Leinenweber
Thomas M. Leinenweber
*One of the Attorneys for Defendant Guevara*

/s/ Kenneth M. Battle
Kenneth M. Battle
*One of the Attorneys for Defendant Walsh*

Thomas M. Leinenweber
Megan K. McGrath
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, Illinois 60602
(312) 663-3003
thomas@ilesq.com

Kenneth M. Battle
Michelle Braun
O'Connor & Battle
20 N. Clark St.
Chicago, Illinois 60602
(312) 786-4600
kbattle@mokblaw.com

/s/ Joseph A. Hodal
Joseph A. Hodal
*One of the Attorneys for Cook County*

/s/ Steve Art
Steven Art
*One of the Attorneys for Plaintiff*

Joseph A. Hodal

Steven Art

5

| | |
|---|---|
| Assistant State's Attorney<br>500 Richard J. Daley Center<br>Chicago, Illinois 60602<br>(312) 603-5470<br>Joseph.hodal@cookcountyil.gov | Jon Loevy<br>Anand Swaminathan<br>Sean Starr<br>Annie Prossnitz<br>Alyssa Martinez<br>Loevy & Loevy<br>311 N. Aberdeen<br>Chicago, Illinois 60607<br>(312) 243-5900<br>Steve@loevy.com |