IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | Case No. 22 C 6141 |
| *Plaintiff*, | ) | |
| | ) | Hon. Edmond E. Chang |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE**

Plaintiff, Daniel Rodriguez, respectfully moves for an order requiring third-party witness Jason Rivera to appear before this Court and show cause why the witness should not be held in contempt for failing to appear at his deposition, stating as follows:

1. Jason Rivera is an essential third-party witness in the above-captioned civil case, which concerns Rodriguez's wrongful conviction. Dkt. 99. Rivera supposedly provided statements to the Defendants implicating Rodriguez in the murder at issue in the case, and he testified at the criminal trial. *Id.* Rodriguez contends that Rivera's statements were fabricated by the Defendants, and that the Defendants suppressed impeachment information relating to their interactions with Rivera throughout the criminal proceedings, violating Rodriguez's right to due process and a fair trial. *Id.*

2. For months, Rodriguez has been working to take the deposition of Rivera in this case. At times, it appeared that Rivera intended to appear voluntarily for his deposition, but Rodriguez's efforts to obtain Rivera's compliance with subpoenas voluntarily have been to no avail. At minimum, a Court order will be necessary to obtain Rivera's testimony.

3. Rodriguez provides an overview of his efforts to obtain Rodriguez's testimony: On August 19, 2023, shortly after discovery opened in this case, Plaintiff's counsel served Rivera with a deposition subpoena, for a deposition to take place in October 2023, and provided Defendants notice of that deposition. Exhibit A (August 19 Subpoena); Exhibit B (October 2 Notice). The parties conferred and decided that the deposition of Mr. Rivera would occur on November 13, 2023. Exhibit C (Correspondence of September 28, 2023). Rodriguez's counsel communicated the change in date to Rivera and an amended notice was served for that date. Exhibit D (November 13 Notice). On November 7, 2023, Defendants' counsel spoke with Rivera and communicated that Rivera "was adamant that he was never served with a deposition subpoena" and that "he has not planned to and will not be appearing for a deposition[.]" Exhibit E (Correspondence of November 7, 2023). In response, Rodriguez's counsel wrote that Rivera was mistaken, that he had been served personally, and that Rodriguez intended to proceed with the deposition, as subpoenaed and noticed. *Id.* Rivera did not appear for his deposition on November 13. Exhibit C (Correspondence of November 13).

4. On December 14, 2023, Rodriguez's counsel personally served a second subpoena on Rivera, so there would be no dispute about whether service had been proper. Exhibit F (December 14 Subpoena). After receiving that subpoena, Rivera was cooperative with Rodriguez's counsel, and he communicated to Rodriguez's counsel in person that he was available on Wednesdays only, when he was off of work, and that his deposition would need to take place near Shorewood, Illinois, where Rivera works. Exhibit G (Correspondence of January 17, 2024). After conferring with all parties, Rodriguez's counsel set the deposition for Wednesday, February 21, 2024 at the Wingate Hotel in Joliet, Illinois, and they communicated that information to Rivera. *Id.* (Correspondence of January 24, 2024). On February 19, 2024,

however Rivera communicated to Rodriguez's counsel that he "ain't showing up." *Id.* (Correspondence of February 19, 2024). The parties made a record of Rivera's non-appearance at the subpoenaed and noticed February 21 deposition. Exhibit H (Transcript).

5. Rodriguez's counsel's efforts to contact Rivera have been unsuccessful since.

6. Under Federal Rule of Civil Procedure Rule 45(g), this Court may "hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). To hold a person in contempt, the moving party "must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2002). A party may initiate contempt proceedings where, as here, a non-party witness has failed to comply with a subpoena issued by an attorney. *Id.* at 693 ("[S]ubsection (g) of Rule 45 broadly refers to the contempt power of the 'issuing court,' which implies that all discovery subpoenas are contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court.").

7. Rodriguez meets this burden. Rivera has intentionally failed to comply with Rodriguez's subpoenas and has announced his intent not to comply twice, after twice being afforded fair notice of the deposition date, time, and place, as well as multiple opportunities to reschedule.

8. Moreover, there is no question that deposition subpoenas were served on Rivera. Rule 45(b)(1) requires that service of a subpoena be effected by "delivering a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). Rivera was twice served personally.

Even if there were doubt about the first service, which there should not be, Rivera acknowledged receipt of the second subpoena, served in December 2023.

9. Rivera should therefore be required to show this Court why he should not be held in contempt for failure to attend his deposition. His testimony is critical in this case, and his deposition is essential to completing discovery.

10. Rodriguez's counsel have conferred with Defendants' counsel, and Defendants have indicated that they take no position on this motion.

11. Plaintiff's counsel will send a copy of this motion by overnight mail to Mr. Rivera at the same address where he was previously served with the deposition subpoenas.

WHEREFORE, Plaintiff respectfully requests that this Court order Jason Rivera to appear before it and show cause why the witness should not be held in contempt for failing to appear at his deposition.

**May 8, 2024**                                   RESPECTFULLY SUBMITTED,

/s/ Steve Art
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

**CERTIFICATE OF SERVICE**

      I, Steve Art, an attorney, hereby certify that, on May 8, 2024, I filed the foregoing motion using the Court's CM/ECF system, which effected service on all counsel of record. In addition, I caused a copy of this motion to be sent by overnight mail to Mr. Rivera at the same address where he was previously served with the deposition subpoenas.

                                     /s/ Steve Art
                                       *One of Plaintiff's Attorneys*

                                       Arthur Loevy
                                       Jon Loevy
                                       Anand Swaminathan
                                       Steven Art
                                       Sean Starr
                                       Alyssa Martinez
                                       LOEVY & LOEVY
                                       311 N. Aberdeen
                                       Chicago, Illinois 60607
                                       (312) 243-5900
                                       steve@loevy.com