IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | Case No. 22 C 6141 |
| Plaintiff, | ) | |
| | ) | Hon. Edmond E. Chang |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**DEFENDANT CITY'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMMUNICATE PUBLIC SETTLEMENT DEMANDS**

Defendant, CITY OF CHICAGO, by and through its undersigned attorneys, respectfully submits its response in opposition to Plaintiff's Motion to Communicate Public Settlement Demands (Dkt. 153) and, in support thereof, states as follows:

**INTRODUCTION**

Plaintiff's motion is an entirely inappropriate attempt to bypass ethical rules, dictate the City's internal consideration of settlement processes, and force City officials to operate by Plaintiff's counsel's preferred rules of negotiation. Plaintiff's counsel states the motion is purportedly "to provoke effective and early settlement discussions" in this case. (Dkt. 153 at 5.) But the City has already engaged in early settlement discussions, made an offer of millions of dollars to begin those settlement negotiations, and agreed to a settlement conference, which a City official will be present for.

So the stated purpose is moot, providing no justification for an end-run around ethical rules. Simply stated, the City has a right to counsel and is asking that Plaintiff's counsel respect that right. During the settlement conference, Plaintiff's counsel will have the opportunity to communicate any position or support for the demand made on behalf of his client directly to the

City representative. The City's internal deliberations are not for Plaintiff's counsel to dictate, and the City is well within its right to request that Plaintiff communicate through its counsel. That does not mean that its counsel is not adhering to its ethical duties or that the City is not carefully considering demands in every case.

This is nothing more than an attempt to force the City to agree to provide whatever money Plaintiff's counsel demands thinly veiled as concern for the City's finances. In sum, this motion is wholly without merit and the City asks that the Court deny it so that the parties can move forward with a settlement conference.

**Factual Background**

On February 26, 2024, Plaintiff's counsel sent a written settlement demand to the Defendant City's counsel via electronic mail and copied Mary B. Richardson Lowry, Corporation Counsel for the City of Chicago. Plaintiff's counsel also threatened in that letter to directly communicate with the Finance Committee of the City Council, the committee which votes on settlements. In response, Defendants' counsel advised Plaintiff's counsel as follows:

> As you are obviously aware, the City of Chicago is a party to this lawsuit and Plaintiff's attempt to communicate directly with any employee of the City of Chicago, including the Corporation Counsel, violates the Rules [Illinois Supreme Court Rules of Professional Conduct (IRPC)]. I trust that this was simply an oversight, and we expect that you will not attempt to communicate directly with any City employee directly again. If you cannot commit to adhering to the Rules, you will leave us no option but to enlist the Court's assistance.

(*See* Dkt. 153-2, Ex. B.)

Plaintiff's counsel disagreed that their direct communication violated any Rules, but agreed to refrain from communicating directly with anyone other than counsel of record in the case. *Id.* Then, on April 22, 2024, Defendant City sent a written response to Plaintiff's settlement demand, including an offer to settle the case. On May 16, 2024, the same day Plaintiff's counsel filed this

2

motion, Plaintiff's counsel sent correspondence to Defendant City expressing their dissatisfaction with the settlement offer made by the City. Apparently based on their expressed dissatisfaction with the offer, Plaintiff now seeks to interfere with the City's representation and communicate his settlement demands directly to both the City of Chicago's Corporation Counsel and members of the Finance Committee.

## ARGUMENT

The City has engaged in settlement discussions at an early stage of this litigation. It has made an offer of millions of dollars. The City asked for a settlement conference. Despite that, Plaintiff's counsel is asking this Court to enter an order allowing Plaintiff's attorneys to bypass the City's legal counsel, and speak directly to the decisionmakers, to, in their view, "provoke effective and early settlement discussions." (Dkt. 153 at 5.) But as stated above, those are well underway. Plaintiff's counsel simultaneous correspondence to the City's counsel instead indicates the real purpose is to drive up the settlement value because he does not like the initial offer made in the pre-settlement conference negotiations. Dissatisfaction with the first offer is not a reason to allow Plaintiff's counsel to circumvent the IRPC. The City's counsel is well aware of its ethical duties to consult and inform its client and abides by them. The City's internal process for considering settlement demands is confidential and—for obvious reasons—not something to be dictated by the plaintiffs' bar. This Court has undoubtedly encountered many parties unhappy with the starting position of its opponents, but likely never had that used as a justification to enter an order sanctioning a party's counsel to bypass its opposing counsel to negotiate directly with the client. This motion should be denied.

**Rule 4.2 prevents opposing counsel from directly contacting the City's decisionmakers**

Rule 4.2 of the IRPC, states, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." For a represented organization, which the City is, Illinois State Bar Association (ISBA) Advisory Opinion 09-01 recognized that an opposing attorney may not communicate with current constituents of the organization that fit within one of the following three categories:

> 1. Constituents of the organization who supervise, direct or regularly consult with the organization's lawyer concerning the matter;
>
> 2. Constituents who have authority to obligate the organization with respect to the matter; and
>
> 3. Constituents whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

*See Advisory Opinion No. 09-01* attached hereto as Exhibit 1.

Both Corporation Counsel and City Council fall into these categories. It is well-known by this experienced Plaintiff's counsel, that Corporation Counsel must approve any settlement authority for negotiations, and then City Council must approve any settlement over $100,000. Plaintiff's counsel also knows that before City Council votes on a settlement, it must pass the Finance Committee.

Plaintiff's counsel seems to concede that Corporation Counsel is such a constituent. Nothing in the motion argues otherwise. She clearly has the ability to obligate the City in conjunction with City Council and supervises, directs and/or regularly consults with the City's outside counsel concerning this litigation.

4

While Plaintiff's counsel does attempt to argue the Finance Committee has no authority to obligate the City (¶10), that is one paragraph after the motion already asserted that members of City Council are "relevant decisionmakers" (¶9). (Dkt. 153 at 3-4.)

IRPC 4.2 forbids Plaintiff's counsel from contacting such constituents directly about litigation without consent from the City's counsel in that litigation. ISBA Advisory Opinion No. 92-3, is directly on point. The ISBA considered the question posed in Plaintiff's motion: "Does sending copies of correspondence with the city attorney to officials of the city government violate the provisions of Rule 4.2 prohibiting an attorney from communicating with a person who is represented by counsel regarding the subject matter of the pending dispute?" *See Advisory Opinion No. 92-3* attached hereto as Exhibit 2. The ISBA held that "Assuming the inquiring attorney does not have the prior consent of the city's attorney to communicate directly with the city officials. It would therefore be improper for the inquiring attorney to communicate directly with represented employees of the city regarding the litigation." *Id.*

ISBA Advisory Opinion No. 95-12 similarly stated that "absent consent of the city attorney, it was improper for opposing counsel to communicate directly with represented employees of the city regarding the litigation." *See Advisory Opinion No. 95-12,* attached as Exhibit 3. Finally, Advisory Opinion No. 09-01 reasoned that the prohibition of speaking to represented parties does not apply to communications with former constituents, but if former constituents were represented by counsel, then the party must obtain counsel's consent. *See Advisory Opinion No*. 09-01, attached as Exhibit 1.

Plaintiff's counsel claims that the comments to ABA Rule 4.2 and certain ABA advisory opinions support his position, but even assuming they do, that would contradict IRPC rules and in that situation, the IRPC controls. *See* N.D. Ill. Local Rule 83.50 ("On any matter not addressed by

5

the ABA Model Rules or for which the ABA Model Rules are inconsistent with the Rules of Professional Conduct, a lawyer admitted to practice in Illinois is governed by the Illinois Rules of Professional Conduct.").

Plaintiff's counsel asserts that Plaintiff is entitled to speak directly with elected officials like any other citizen. That is true. But Plaintiff is not seeking to communicate directly with the Corporation Counsel and City Council. His *attorney* is seeking permission to communicate directly about the subject of this *litigation*. While Plaintiff may communicate with City Officials, he may not do so with the assistance of his attorney. Both Advisory Opinions Nos. 92-03 and 95-12 addresses that point. In No. 92-03, the ISBA states:

> [T]he client could send copies of correspondence about pending litigation directly to the government officials. Caution, however, should be urged. The attorney must carefully consider the requirements of Rule 4.2 which restricts an attorney from even assisting in the communication with one of adverse interest. The prominent viewpoint is that neither this attorney nor any other attorney should assist the client in directly communicating with a represented public official.

*See Advisory Opinion No. 92-3* attached hereto as Exhibit 2. ISBA similarly cautions counsel in No. 95-12, "[T]he lawyer should not assist the client in directly communicating with represented government officials who are parties to litigation concerning the litigation." *See Advisory Opinion No. 95-12* attached hereto as Exhibit 3. Plaintiff's counsel is not only asking to *assist*, which is prohibited, but to communicate themselves.

With precedent that prohibits the action that Plaintiff's counsel wishes to take, they ask this Court to issue an order to override the IRPC. But as stated above, there is no valid reason to do so. Plaintiff's counsel is evidently displeased with the City's offer. That certainly cannot be sufficient reason for this Court to allow counsel to bypass a fundamental protection of the attorney-client relationship. This District's Local Rules requires compliance with IRPC, and this Court should uphold those rules here.

6

Plaintiff's counsel argues that they are requesting to bypass the City's chosen legal representation because it is in the *City's* best interest. Plaintiff's counsel calls the settlement process broken, but it is unclear what Plaintiff's counsel would view as functional, other than agreeing to the settlement figure they put forth—a settlement figure that the firm typically gets 40% of, plus 100% of whatever portion the firm and Plaintiff decide should be allocated to §1988 fees. While Plaintiff's counsel spends much of the motion lambasting the City's decision-making process, they actually have no idea what the substance of the City's internal deliberations are, nor as opposing counsel do they have a right to. Plaintiff's counsel insinuates to this Court that the City's counsel is not abiding by its ethical duties to keep its client informed and not seeking proper authority from Corporation Counsel. That is a serious allegation without foundation.

Of course, Plaintiff's counsel solution to the supposed dysfunction is to prevent the City's officials from receiving counsel from the attorneys who actually litigate the case and have the most knowledge of the facts and instead have them follow Plaintiff's counsel advice instead. Plaintiff's counsel does not get to make that call. Beyond the ethical implications, there are ample reasons the City has chosen to ask that communication from Plaintiff's counsel be directed to its attorneys.

For example, in an effort to get the City to settle in one case, one of Plaintiff's attorneys, Jon Loevy, sent an ex parte email to in-house City attorney, suggesting that the City is being misadvised by outside counsel who does not want to settle because they were desperate to win against Loevy & Loevy. He asked to meet directly with the then-Corporation Counsel. His request was not granted. The City has no interest in encouraging that type of behavior.

Furthermore, Plaintiff's counsel will have an opportunity, in the presence of the City's counsel and the Court, to make their case to a City official. The City sends a representative to every settlement conference who hears everything Plaintiff's counsel wishes to communicate in support

7

of Plaintiff's settlement demand. Plaintiff's counsel has had this opportunity at every settlement conference, and the City has yet to learn anything in previous conferences from Plaintiff's counsel that suggests in the slightest that it has not been kept correctly and fully informed by its counsel. But they will again be able to convey whatever it is that they believe the City needs to know. Plaintiff's counsel has no reason to assert that representative is incapable of understanding or properly conveying Plaintiff's position to other City officials.

The motion frequently asserts that Plaintiff's counsel would settle at such a discount in every case that firm brings, not just Plaintiff's, if the City engaged early. The City, however, has engaged in many settlement discussions at many stages of litigation and has not seen that statement bear out. Often the City gets requests from Loevy & Loevy to engage in negotiations but the firm does so before the City is able to collect the necessary records to evaluate the case, and often without putting forth a demand. The City's officials have a fiduciary duty to evaluate evidence sufficient to make an informed decision and cannot engage in discussions for multi-million-dollar settlements before adequate discovery has been exchanged.

With all that said, settlements are being reached. The City has resolved four reversed-conviction cases with Loevy & Loevy this year alone (three pending City Council approval), as well as several other reversed-conviction cases with other firms that are pending City Council approval. Thus, despite protestations to the contrary, the City carefully and fully analyzes its risk and meaningful engages in settlement discussions.

It takes both parties to reach a resolution and motions like this show how, when the City is engaging in good faith negotiations, this Plaintiff's counsel throws salvos that only distract from those efforts. This motion has nothing to do with the merits of this case, which should be the center

8

of settlement negotiations, but instead provides a decidedly skewed description of the state of dozens of other cases Plaintiff's *counsel* has brought.

The City continues to want to engage with the Plaintiff and his counsel in further settlement discussions. The City would like to move forward with a settlement conference if Plaintiff's counsel will allow.

WHEREFORE, the Defendant City of Chicago respectfully requests this Honorable Court deny Plaintiff's Motion to Communicate Public Settlement Demands, and for any other relief this Court deems just and appropriate.

DATED: June 6, 2024  Respectfully Submitted,

/s/ Eileen E. Rosen
Eileen E. Rosen
Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren M. Ferrise
Jessica L. Zelner
Kelly A. Krauchun
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 474-1000
erosen@rfclaw.com