IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | Case No. 22 C 6141 |
| Plaintiff, | ) | |
| | ) | Hon. Edmond E. Chang |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's order, ECF No. 154, the undersigned parties provide the below update on the status of non-*Monell* discovery:

1. Outstanding written discovery:

Per the Court's order the parties met and conferred regarding outstanding written discovery issues.

    a) On the issue of ESI discovery, the City proposed similar search parameters as the parties agreed to in the *Solache v. Guevara et al.* and the *Reyes v. Guevara et al.* cases. Plaintiff is evaluating that proposal but asserts that the issues of ESI discovery in this case are broader than the search for information specific to the plaintiffs' certificates of innocence in *Solache* and *Reyes*. Defendant City disputes this because, in both cases, the request concerned communications regarding Plaintiff's certificate of innocence, so the search parameters should be the same. The City also explained in the meet and confer that if Plaintiff provides a limited set of custodians, the City is willing to negotiate further on search terms.

b) As to juvenile records for Jason Rivera, Plaintiff's position is that he has requested that Defendants produce all juvenile information in their possession, custody, and control, pursuant to the Court's protective order governing that information. At least two of the most significant witnesses in this case were juveniles at the time of the events in question, and Plaintiff has not received juvenile information from the Defendants on these witnesses. Defendants have not told Plaintiff whether they have responsive information in their possession, custody, or control; whether they have searched for that information; or whether they need a Court order to turn it over. Plaintiff's position is that Defendants should be ordered to produce that information in their production. Should this Court decide an order for good cause is necessary, as Defendant City argues below, Plaintiff will file a motion early next week.

Defendant City's position, as explained at the last hearing, is that juvenile law enforcement records are protected from disclosure by the Juvenile Court Act absent a court order upon a finding of good cause. The City's counsel explained at the meet and confer that the City does not object to Plaintiff obtaining juvenile records but that he needs to obtain a court order permitting their disclosure after establishing good cause. It was the City's understanding after the meet and confer that Plaintiff was planning on filing such a motion. Plaintiff has not stated what the relevance is to any juvenile law enforcement records for Jason Rivera. Based on this request, Defendants are also evaluating obtaining Plaintiff's juvenile law enforcement and court records.

    c) The parties have discussed the production of documents pertaining an investigation conducted by Sidley & Austin. The City produced non-privileged documents and a corresponding privilege log to Plaintiff's counsel in other ligation several years ago. The City asked Plaintiff whether he wanted the City to produce those materials again in this case. Plaintiff's counsel informed the City today that he is requesting the City reproduce in this case the privilege log that his counsel already has. And the City has agreed to do so, despite the fact that Plaintiff is not requesting the City reproduce the underlying public documents.

    d) Pursuant to the parties' discussions, Defendant Officers are evaluating supplementing their responses to Plaintiff's Second Request for Production and Third Set of Interrogatories and anticipate doing so within fourteen days.

2. Depositions:

    a) 13 depositions have already occurred in this case.[1]

    b) Pursuant to the Court's order regarding Jason Rivera, Dkt. 161, Plaintiff's investigator traveled to his house to serve him in person today, left a copy of the subpoena with an adult at his residence, and was told by those residing there that Mr. Rivera has moved to Puerto Rico. Shortly after, Mr. Rivera called Plaintiff's counsel stating that he will be returning to Chicago at the end of June and will sit for a deposition at the place and time that the parties designate.

---

[1] The parties have already taken the depositions of Reynaldo Guevara, Robert Biebel, Edward Mingey, Edward Strandberg, Lee Epplen, Patrick Walsh, Steve Gawrys, Michael Fleming, John Jambrosek, Daniel Rodriguez, Gloria Rodriguez, Surma Rojas, and David Velazquez.

c) Plaintiff is working on providing dates for the deposition of George Laureno. Due to the fact that counsel for the Defendant Officers (other than Guevara) are on trial at the end of June, Laureno's deposition will be scheduled during the month of July.

d) Plaintiff recently produced an affidavit for Timothy Bennett. Given the substance of that affidavit, Defendants are evaluating whether they will take his deposition.

e) Plaintiff is seeking to take the depositions of witnesses at the crime scene and individuals involved in Mr. Laureano's defense, including Delbert McCullem, Clifford Carter, Raymond Garciano, Ulysses Arroyo, Lisa Brean, and Diane Doyle. Plaintiff is still attempting to locate several of these witnesses. However, as noted in Court during the May 17 hearing, for the purpose of judicial economy, Plaintiff is amenable to pursuing declarations from some of these individuals instead when they have little to no memory of the case. Defendants are not currently seeking the depositions of these individuals, however, if Plaintiff obtains declarations from any of them, then Defendants will likely have to take their deposition to explore their testimony.

f) Considering Laureno and Rivera are significant witnesses in the case, along with some of the scene witnesses, the parties may seek follow-up written or document discovery, after the parties have an opportunity to depose them, but the parties are not able to determine what, if any, discovery is needed until after those depositions are completed.

g) The parties still need to take the deposition of ASA Matt Coghlan and Plaintiff is seeking the deposition of ASA Kevin Noonan.

    i. ASA Coghlan's deposition was originally scheduled to proceed in March before the parties rescheduled the deposition for April 23, 2024. Six days before the deposition was set to proceed, counsel for Defendant Officers issued a letter to the Cook County State's Attorney's Office ("CCSAO") requesting review of certain redactions for documents the office produced subject to a subpoena in this case. The day before the deposition was scheduled to take place, counsel for the Defendant Officers notified Plaintiff that the deposition would not be proceeding due to the redactions issue. Mr. David Adelman from CCSAO issued a response on May 7, 2024 specifying which of Defendant Officers' identified Bates ranges are not, in fact, notes from ASA Coghlan. In that letter, Mr. Adelman informed counsel for Defendant Officers that before he could consider the remaining documents listed in the request to release, he would need to receive a request directly from an attorney representing Mr. Coghlan. As of May 7, 2024, there has been no other movement on this request. Plaintiff's position is that this deposition may proceed and that the documents are not necessary to take the deposition of ASA Coghlan (who is a third party in this case). Plaintiff also requested that Defendants produce their communications with ASA Coghlan pursuant to Plaintiff's discovery requests, but only Defendant

Walsh has responded to that request at this time. Defendant Officers will respond to this request within one week.

ii. For ASA Noonan, his deposition was originally scheduled for March 22. However, due to scheduling conflicts, that deposition did not go forward. Counsel for the Defendant Officers told Plaintiff on April 17, 2024 that he would confirm dates with Mr. Noonan's counsel and would let Plaintiff know when that deposition could be rescheduled. Plaintiff followed up requesting dates. Following our May 17, 2024 hearing in this case, Plaintiff's counsel reached out to counsel for the County, Mr. Joe Hodal, to inquire about the representation of ASA Noonan and Coghlan. Mr. Hodal apprised Plaintiff that ASA Noonan was represented by Mr. Bill Oberts. Plaintiff then contacted Mr. Oberts and is awaiting dates to proceed with Mr. Noonan's deposition. Of note, ASA Noonan was not included in the Defendant Officers' correspondence with CCSAO regarding document redactions, and no party has made any objection to Mr. Noonan's deposition proceeding. Mr. Hodal was not aware of any appointed counsel for Mr. Coghlan. Defendants are not currently seeking the deposition of ASA Noonan.

Dated: June 13, 2024

/s/ Catherine M. Barber

Catherine M. Barber
Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Catherine M. Barber

/s/ Josh M. Engquist

Josh M. Engquist
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant Officers*

Josh M. Engquist
James G. Sotos

Theresa B. Carney
Austin G. Rahe
Lauren M. Ferrise
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, Illinois 60606
(312) 494-1000
cbarber@rfclaw.com

Joseph M. Polick
Mark Smolens
Carson Canonie
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, Illinois 60604
(312) 663-3003
jengquist@sotoslaw.com

*/s/ Kenneth M. Battle*
Kenneth M. Battle
*One of the Attorneys for Defendant Walsh*

Kenneth M. Battle
Michelle Braun
O'Connor & Battle
20 N. Clark St.
Chicago, Illinois 60602
(312) 786-4600
kbattle@mokblaw.com


*/s/ Joseph A. Hodal*
Joseph A. Hodal
*One of the Attorneys for Cook County*

Joseph A. Hodal
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5470
Joseph.hodal@cookcountyil.gov

*/s/ Steven Art*
Steven Art
*One of the Attorneys for Plaintiff*

Steven Art
Jon Loevy
Anand Swaminathan
Sean Starr
Annie Prossnitz
Alyssa Martinez
Loevy & Loevy
311 N. Aberdeen St.
Chicago, Illinois 60607
(312) 243-5900
Steve@loevy.com