UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DANIEL RODRIGUEZ,** | |
| **Plaintiff,** | |
| v. | No. 22-CV-6141 |
| **REYNALDO GUEVARA,** *et al.*, | **Judge Edmond E. Chang**<br>**Magistrate Judge Beth W. Jantz** |
| **Defendants.** | |

## ORDER

This Court has reviewed the Parties' most recent Joint Status Report [163], and various other recent filings. Plaintiff's Motion for Extension of Time [168] is GRANTED. The non-Monell fact discovery deadline is extended to 7/26/24 to allow for the completion of depositions and written discovery, as set forth in the Parties' recent Joint Status Report [163] which provides an update on non-Monell fact discovery. The Parties are also reminded that any filed motion should include the position of the opposing side. The Parties should plan ahead on any motions they plan to file and should respond promptly to any such inquiries from the opposing side regarding their position. Future motions that do not follow these rules may be summarily denied.

The Parties must meet and confer by no later than 7/9/24 on remaining deposition scheduling issues, as well as on the ESI search parameters. The Parties are reminded that a meet and confer is not in good faith if a Party merely sticks to its original position or refuses to consider a compromise or a narrowed approach. The City is to produce the agreed upon Sidley & Austin investigation documents by 7/2/24. Defendant Officers shall supplement their responses, if any are necessary, to Plaintiff's discovery requests by 6/27/24. Defendant Officers shall respond to Plaintiff's request for their communications with ASA Coghlan by 6/27/24.

Regarding the juvenile records, the Juvenile Court Act states that an order for good cause from the juvenile court is required: "Juvenile law enforcement records may be obtained only...when their use is needed for good cause and with an order ***from the juvenile court***..." 705 Ill. Comp. Stat. Ann. 405/1-7 (emphasis added); see also *Wright v. Bullock*, No. 09-1085, 2011 WL 4549105, at *1 (C.D. Ill. Sept. 29, 2011) ("The Act specifically provides that juvenile court records are not available to the general public absent a court order ***by the court presiding over the juvenile matter***.") (emphasis added). If Plaintiff's position is that the records are not covered by the Act, or if he has supportive authority (caselaw or statutes) that this Court may issue an order for good cause under the Act, he may file a short motion, limited to 5 pages, by 7/11/24.

Otherwise, any motion regarding the records must be filed with the appropriate juvenile court by 7/11/24.

All currently remaining depositions, including ASA Coghlan's, must occur by 7/26/24. By 7/2/24, Plaintiff must determine (and notify Defendants) whether he will seek declarations from any of the third-party witnesses, so that Defendants may seek to depose those third-party witnesses, if necessary.

Plaintiff's Motion for Order Authorizing Disclosure of Patient Records [167] is DENIED without prejudice, for a failure to comply with 42 C.F.R. §2.64 and this Court's meet and confer rules. Particularly, Plaintiff has not shown that "[o]ther ways of obtaining the information are not available or would not be effective," *id.* §2.64(d)(1), nor that "the patient and the person holding the records from whom disclosure is sought have received adequate notice" and an opportunity to respond, *id.* §2.64(b). The Motion [167] does not indicate that Plaintiff has attempted to obtain consent from the patient at issue. It is not enough that the Parties have had "difficulty" contacting the patient regarding his deposition. This is especially true given that Plaintiff recently reported that he spoke to the patient by phone and made plans to take his deposition in the near future, which would be an ideal time to confer with the patient on this request.

The Court also notes that Plaintiff's Motion [167] appears to have failed to comply with 42 C.F.R. §2.64(a), as he identified the patient by name in the Motion [167] and/or did not file it under seal. The clerk's office therefore is ordered to seal the Motion [167]. Given all the deficiencies with this Motion, which should have been clear from a reading of the operative statute, Plaintiff shall not re-file this Motion [167] without further order of this Court.

The 10:30 a.m. 7/24/24 rule to show cause hearing is also converted to a status hearing, so that the Parties can update the Court on their near completion of non-Monell fact discovery. Plaintiff is reminded that if the deposition at issue in the rule to show cause occurs prior to the hearing, Plaintiff should promptly alert the Court via email (copying opposing counsel) and the rule to show cause hearing will be cancelled, though the Parties will still be required to call in for the status hearing. To join the 7/24/24 hearing by phone, dial 1-650-479-3207 and enter access code 97829499.

E N T E R:

Dated: 6/24/24

_____
BETH W. JANTZ
United States Magistrate Judge

2