IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | Case No. 22-cv-6141 |
| *Plaintiff*, | ) | |
| | ) | Hon. Edmond E. Chang |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR ORDER ON JUVENILE RECORDS**

Plaintiff, Daniel Rodriguez, by and through his attorneys, Loevy & Loevy, respectfully requests this Court enter an order that Mr. Jason Rivera's juvenile criminal records are relevant and within the scope of discovery. In support, Plaintiff states as follows:

1. Plaintiff Daniel Rodriguez spent over 17 years incarcerated for a murder he did not commit. After having his conviction vacated and all charges against him dropped, Plaintiff filed this action against Defendants alleging a number of violations of his constitutional rights as part of his wrongful arrest, prosecution, conviction, and imprisonment. Dkt. 99.

2. One critical witness in Plaintiff's lawsuit is Jason Rivera, who was a juvenile at the time Plaintiff was wrongfully arrested. Rivera supposedly provided statements to Defendants implicating Plaintiff in the Hernandez murder, and he testified at the criminal trial. *Id.*

3. Specifically, Mr. Rivera allegedly made a statement implicating Plaintiff in the murder to Defendant Halvorsen on March 25, 1991 while preparing to testify before the grand jury for a separate homicide—a homicide for which Mr. Rivera is allegedly an uncharged co-

conspirator.[1] Defendants claim that Mr. Rivera also signed a handwritten statement implicating Plaintiff.

4. However, during the criminal proceedings of Plaintiff's co-defendant, George Laureano, Mr. Rivera stated that he did not speak with any officers about the Hernandez shooting until May 9, 1991 when Defendants Guevara, Halvorsen, and Walsh visited him at the Gateway treatment facility. Mr. Rivera said he "never made a statement to the police regarding the murder of Jose Hernandez and he never signed the papers which the police say that he signed." Further, Mr. Rivera stated that he told the detectives that "he didn't know anything because he was locked up at that time" in reference to the Hernandez shooting.[2] Ex. A.

5. Plaintiff contends that Rivera's supposed grand jury statement and handwritten statement were fabricated by Defendants, and that Defendants suppressed impeachment information relating to their interactions with Rivera throughout the criminal proceedings, violating Plaintiff's right to due process and a fair trial. Dkt. 99.

6. As such, Mr. Rivera's juvenile records are absolutely critical. The juvenile records will speak to (1) whether Mr. Rivera was incarcerated and thus could not have been at the scene of the shooting, and (2) whether potential homicide charges were used to coerce Mr. Rivera into testifying against Plaintiff.

7. Federal courts in this district have the authority to make good cause findings and issue recommendations to the Illinois state court to disclose juvenile records. *See, e.g., Chatman v. City of Chicago,* Case No. 13-cv-5697, 2014 WL 1813172 (May 5, 2014) (entering an order

---

[1] At the time Mr. Rivera testified before the grand jury, Plaintiff contends that Mr. Rivera's mother was also in a romantic relationship with Defendant Guevara.
[2] After not appearing to testify against Plaintiff's co-defendant, who was ultimately acquitted, Mr. Rivera was held in jail until he appeared to testify against Plaintiff at Plaintiff's criminal trial.

that the juvenile records at issue are relevant to the federal lawsuit and within the scope of discovery); *McIntosh v. City of Chicago*, Case No. 17-cv-6357, Dkt. 115 (holding that the requested juvenile records for key third parties are relevant to the lawsuit and within the scope of discovery, and issuing a recommendation to the Illinois state juvenile court to disclose the requested records). For both *Chatman* and *McIntosh*, the moving party submitted the order from the federal court to the juvenile court and was granted access to the records by the juvenile court.

8. Mr. Rivera's juvenile records in this case are both relevant and within the scope of discovery. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Further, Rule 26(b) provides that parties to an action may discover any matter which is not privileged and is relevant to the pending action. Fed. R. Civ. P. 26(b)(1). As the sole non-recanting witness implicating Plaintiff in the Hernandez shooting, the events surrounding Mr. Rivera's interactions (or lack thereof) with the Defendant officers, including any potential deals made to him in exchange for false testimony at Plaintiff's trial, along with whether he was incarcerated or not the night of the shooting, are directly at issue in this case. As such, his juvenile records are highly relevant and fall within the bounds of discovery.

9. Confidentiality concerns are also lessened because Mr. Rivera's juvenile cases are long closed, Mr. Rivera is no longer a juvenile, Mr. Rivera testified publicly at Plaintiff's criminal trial, and there is a protective order in place in this case. *See, e.g., Chatman*, 2014 WL 1813172 at *2; *McIntosh*, Dkt. 155. Plaintiff's ability to prosecute his federal claims would be seriously hindered if he is not afforded the opportunity to inspect the juvenile records of Mr. Rivera.

10. Should this Court grant Plaintiff's motion and enter an order that Mr. Rivera's juvenile criminal records are relevant and within the scope of discovery, Plaintiff will immediately move for an order for inspection in state court.

11. The parties discussed this motion pertaining to Mr. Rivera's juvenile records before this Court during the May 17, 2024 hearing—and subsequently conferred on the logistics of accessing the documents—and Defendants do not oppose the motion. Dkt. 154 & 163.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter an order finding that Mr. Rivera's juvenile records are relevant and within the scope of discovery and any other relief this Court deems proper and just.

Respectfully submitted,

**DANIEL RODRIGUEZ**

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
alyssa@loevy.com

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that, on July 11, 2024, I filed the foregoing motion using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

4