IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Daniel Rodriguez, <br><br> Plaintiff, <br><br> v. <br><br> Reynaldo Guevara, *et al.*, <br><br> Defendants. | No. 22 C 6141 <br><br> Hon. Edmund E. Chang, <br> District Judge. <br><br> Hon. Beth W. Jantz, <br> Magistrate Judge. |

### PLAINTIFF'S MOTION FOR A CONTEMPT ORDER
### AND WRIT OF BODY ATTACHMENT REGARDING JASON RIVERA

Plaintiff, Daniel Rodriguez, pursuant to Federal Rule of Civil Procedure 45, respectfully moves for a finding of contempt and writ of body attachment against Jason Rivera arising from his non-compliance with Plaintiff's deposition subpoenas and this Court's orders. In support of his motion, Plaintiff states as follows:

1. As discussed in Plaintiff's two prior motions regarding Jason Rivera's deposition in this matter, Mr. Rivera is *the* essential third-party witness in the above-captioned civil case, which concerns Plaintiff Daniel Rodriguez's wrongful conviction. Dkts. 99, 150, 179. According to Defendants, Mr. Rivera supposedly provided a statement to Defendants implicating Rodriguez in the murder at issue in the case, and he testified at the criminal trial. *Id.* Plaintiff contends that Rivera's statements were fabricated by Defendants, and that Defendants suppressed impeachment information relating to their interactions with Rivera throughout the criminal proceedings, violating Rodriguez's right to due process and a fair trial. *Id.*

2. Specifically, Plaintiff contends that—contrary to all evidence and testimony provided by Mr. Rivera and Defendants previously—Mr. Rivera never witnessed the shooting to which he claimed to be an eyewitness and had no knowledge of the shooting; that Defendants fed him a statement implicating Rodriguez in the crime, which they manufactured in advance and which was not based on any information that Mr. Rivera had provided; that they used physical force against Mr. Rivera; that they gave Mr. Rivera undisclosed deals in his pending criminal cases in which he was suspected or charged (including a drug case Defendants Guevara and Halvorsen manufactured); that Guevara and Halvorsen caused him to be detained and incarcerated in various facilities in order to force him to give testimony against Rodriguez; that Mr. Rivera was promised and received payment for his testimony; and that Mr. Rivera testified at Rodriguez's criminal trial based on the false statement Defendants provided to him, and not based on his own personal knowledge.

3. In January of this year, Mr. Rivera confirmed these things during a meeting with Plaintiff's counsel and investigator. Defendant Guevara has taken the Fifth when asked about these subjects. Other Defendants have not testified (because they are deceased) or have entirely disclaimed knowledge. Other third-party witnesses corroborate Plaintiff's theories regarding Mr. Rivera.

4. Critically, no witness in the case implicates Rodriguez in the murder at issue, other than Mr. Rivera. He is the only witness who has never recanted his trial identification of Rodriguez in sworn testimony. And he is quite literally the only witness to whom Defendants might point at trial to support their theory of the case.

5. Contrary to Defendants' position at the most recent status hearing, Mr. Rivera has not provided fulsome testimony about any of the subjects discussed above. He testified at

Rodriguez's criminal trial, which is the very testimony that Plaintiff contends, and intends to prove, was fabricated in this case. Otherwise, he has provided truncated testimony in a couple of post-conviction proceedings to which Plaintiff was not a party (each time receiving payment for his testimony). Mr. Rivera has never given testimony in a civil proceeding let alone in a deposition taken by counsel for Plaintiff Rodriguez. He has never had to account for the evidence and testimony that Plaintiff has amassed in this civil case. There is currently no testimony from this critical witness.[1]

---

[1] To the extent that Defendants suggested at the hearing that the parties could rely on Mr. Rivera's prior testimony in this case, that suggestion should raise eyebrows: This is the only witness who supports Defendants' version of events, and it would therefore make no sense for Defendants to oppose taking testimony from the witness in this case.

Moreover, Defendants are incorrect to suggest that Mr. Rivera's prior testimony would be admissible at a trial in this case. Mr. Rivera could not be called by Defendants at trial if he refused to provide testimony during discovery, *Barker v. Int'l Union of Operating Engineers Loc.* 150, 2011 WL 6338800, at *2 (N.D. Ill. Dec. 19, 2011) (a party who does not sit for a deposition is disqualified from testifying at trial); *Adams v. City of Chicago*, No. 06 C 4856, 2013 WL 12324659, at *9 (N.D. Ill. Sept. 5, 2013) ("[D]efendants cannot present at trial any information not previously disclosed in discovery."), and Defendants will not be able to offer his past testimony for its truth because it is hearsay not meeting any exception. Although Defendants might argue at trial that Mr. Rivera is unavailable under Federal Rule of Evidence 804(a), that does not mean they get to use his past testimony. First, the proponent of hearsay evidence must show a good faith and reasonable effort to procure the witness's testimony before resorting to hearsay, *Reed v. Hathaway*, 596 F.Supp.2d 1200, 1206 (C.D. Ill. 2009) (citing *U.S. v. Reed*, 227 F.3d 763, 767 (7th Cir. 2000)), but here Mr. Rivera can be compelled to testify. Second, even if Mr. Rivera were deemed unavailable, Federal Rule of Evidence 804(b)(1)(B) permits former testimony to be offered only against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop the testimony. Rodriguez did not have the opportunity to develop Mr. Rivera's testimony in the prior proceedings—either because he was not party to those proceedings or because today the evidence of Defendants' fabrication of Mr. Rivera's identifications has been fully developed, such that Mr. Rivera would at minimum have been impeached in his deposition, in a way that was not possible in the 1990s. See *United States v. Burge*, 2090 WL 1108488, at *9 (N.D. Ill. Apr. 23, 2009) (citing *Qatar Nat'l Navigation & Transp. Co. v. Citibank*, 1996 WL 596518, at *2 (S.D.N.Y. Oct. 16, 1996)) ("If for any reason … the defendant in this federal action was denied the opportunity to fully develop [the witness's] testimony on relevant issues, the deposition fails to pass muster under Rule 804(b)(1), and would not be admissible at trial."); *States v. Feldman*, 761 F.2d 380, 385 (7th Cir. 1985) (finding that interests in and opportunity to cross-examination at a criminal trial are meaningfully different from a civil proceeding stemming from the same underlying facts); *United States v. Pizarro*, 717 F.2d 336, 349 (7th Cir. 1983) (noting that former testimony should only be admitted if statements were "subject to the scrutiny of a part interested in thoroughly testing its validity"). These rules exist to prevent exactly this type of situation, where a witness tells a lie in past proceedings, refuses to be confronted about that lie during discovery in civil proceedings, and a party attempts to introduce the past lie as veracious evidence.

6. As the Court knows from recent filings, Mr. Rivera has refused all efforts to secure his deposition and has ignored this Court's orders. Dkts. 150, 179. To recap:

   a. On August 19, 2023, shortly after discovery opened in this case, Plaintiff's counsel served Rivera with a deposition subpoena, for a deposition to take place in October 2023, and provided Defendants notice of that deposition. *See* Dkts. 150-1 (August 19 Subpoena); 150-2 (October 2 Notice).

   b. The parties conferred and decided that the deposition of Mr. Rivera would occur on November 13, 2023. *See* Dkt. 150-3 (Correspondence of September 28, 2023). Rodriguez's counsel communicated the change in date to Rivera, and an amended notice was served for that date. *See* Dkt. 150-4 (November 13 Notice).

   c. On November 7, 2023, Defendants' counsel spoke with Rivera and communicated that Rivera "was adamant that he was never served with a deposition subpoena" and that "he has not planned to and will not be appearing for a deposition[.]" *See* Dkt. 150-5 (Correspondence of November 7, 2023). In response, Rodriguez's counsel wrote that Rivera was mistaken, that he had been served personally, and that Rodriguez intended to proceed with the deposition, as subpoenaed and noticed. *Id.*

   d. Rivera did not appear for his first deposition on November 13. *See* Dkt. 150-3 (Correspondence of November 13).

   e. On December 14, 2023, Rodriguez's counsel personally served a second deposition subpoena on Rivera, so there would be no dispute about whether service had been proper. *See* Dkt. 150-6 (December 14 Subpoena).

4

f.  After receiving that subpoena, Rivera was cooperative with Rodriguez's counsel, and he communicated to Rodriguez's counsel in person the information described above, that he was available on Wednesdays only, when he was off of work, and that his deposition would need to take place near Shorewood, Illinois, where Rivera works. *See* Dkt. 150-7 (Correspondence of January 17, 2024). After conferring with all parties, Rodriguez's counsel set the deposition for Wednesday, February 21, 2024 at the Wingate Hotel in Joliet, Illinois, and they communicated that information to Rivera. *Id.* (Correspondence of January 24, 2024). On February 19, 2024, however, Rivera communicated to Rodriguez's counsel that he "ain't showing up." *Id.* (Correspondence of February 19, 2024).

g.  The parties made a record of Rivera's non-appearance at Mr. Rivera's second subpoenaed and noticed February 21 deposition. *See* Dkt. 150-8 (Transcript).

h.  On May 8, 2024, Plaintiff filed an unopposed motion for rule to show cause regarding Jason Rivera's non-appearance at his depositions in this matter. Dkt. 150.

i.  On June 11, 2024, the Court granted that motion, set a hearing for July 24, 2024, requiring Jason Rivera to show cause why he has not appeared for his deposition, and providing instructions to Plaintiff's counsel. Dkt. 161.

j.  As explained in a recent status report, Dkt. 163 at 3, on June 13, 2024, pursuant to the Court's instructions, Plaintiff's counsel attempted to serve the Court's order on Jason Rivera personally at the same address where he had been served the past deposition subpoenas. Mr. Rivera was not there, but Plaintiff's counsel's investigator served the order, pursuant to Federal Rule of Civil Procedure

5

5(b)(2)(B)(ii), by leaving it with an adult in Mr. Rivera's household. At the same time, the person in Mr. Rivera's household said that Mr. Rivera had travelled to Puerto Rico for a family funeral.

k. Shortly after leaving the Court's order, Mr. Rivera called the undersigned, stating that he would be returning to Chicago at the end of June and would sit for a deposition at the place and time that the parties designated.

l. After conferring among counsel, the parties made July 18 available for the deposition of Mr. Rivera, and, on July 8, 2024, the undersigned counsel sent a text message with that date to Mr. Rivera to confirm the date. *See* Dkt. 179-1 (text messages with Mr. Rivera). There was no response.

m. On July 15, 2024, the undersigned counsel against asked Mr. Rivera if he would confirm whether the date of July 18 would work for him, reminding him of the Court's order setting a heading on July 24 at 10:30 a.m. *Id.* This time, Mr. Rivera responded "Wrong number." *Id.*

n. On July 17, 2024, in a last-ditch effort, the undersigned counsel wrote via text again: "Dear Mr. Rivera, This is the attorney for Daniel Rodriguez again. In light of the Court's order in this case, the hearing next week, and the fact that you have not told us of any conflict, we are planning on proceeding with your deposition tomorrow, July 18, 2024, at 311 N. Aberdeen St. in Chicago. If you cannot attend, please let us know." *Id.* Mr. Rivera responded, "How about right now. Work tomorrow." *Id.*

o. After explaining that the deposition could not proceed that instant, that the parties could convene for the deposition on a day during the week of July 22, 2024, and

that the deposition had to be completed before July 24, 2024, Mr. Rivera wrote: "STOP SAYING THAT COURT DOESNT MOVE ME. REMEMBER I DONT REMEMBER NOTHING PLAYING THE 5th." *Id.*

p. Counsel continued to communicate with Mr. Rivera, asking whether Monday, July 22, 2024, or Tuesday, July 23, 2024, would work for a deposition, and explaining that counsel wished to make the process as simple as possible. *Id.* Mr. Rivera could not do those days. *Id.* But he agreed to sit for his deposition at 10 a.m. on Wednesday, July 24, 2024, at the same time that this Court's hearing is set. *Id.* Plaintiff's counsel sent a new notice of the deposition and confirmed the location with Mr. Rivera. *Id.*

q. On July 22, 2024, Plaintiff filed an unopposed motion to continue the hearing on Plaintiff's motion for rule to show cause, which was served on Mr. Rivera. Dkt. 179.

r. On July 23, 2024, the Court granted Plaintiff's motion, resetting the show cause hearing from July 24 to August 8, 20204. Dkt. 180.

s. On July 24, 2024, Mr. Rivera did not show up for his third deposition. Both Plaintiff and Defendants called him a number of times, and he did not answer. The parties made a record of his non-appearance. Exhibit A (Transcript).

t. On July 26, 2024, Plaintiff's investigator served the Court's July 23 order and Plaintiff's motion on Mr. Rivera at his address, with the same person who accepted service of the prior Court order.

u. On August 8, 2024, Mr. Rivera did not show up for the Court's show cause hearing.

7

7. Under Federal Rule of Civil Procedure Rule 45(g), this Court may "hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). To hold a person in contempt, the moving party "must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2002). A party may initiate contempt proceedings where, as here, a non-party witness has failed to comply with a subpoena issued by an attorney. *Id.* at 693 ("[S]ubsection (g) of Rule 45 broadly refers to the contempt power of the 'issuing court,' which implies that all discovery subpoenas are contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court.").

8. The burden under Rule 45 has been firmly satisfied given the efforts described above. Mr. Rivera has intentionally failed to comply with Rodriguez's subpoenas, has announced his intent not to comply three times, after three times being afforded fair notice of the deposition date, time, and place, as well as multiple opportunities to reschedule. He has skipped three depositions. Most importantly, he has ignored this Court's orders.

9. This Court should hold Mr. Rivera in contempt and issue a writ of body attachment directing the U.S. Marshals Service to bring Mr. Rivera to the United States Courthouse at 219 S. Dearborn, Chicago, Illinois 60604 on a date and time determined by the Court and the parties to be deposed.

10. This is the same relief that was necessary and was entered by Judge Ellis for two non-compliant witnesses in *Johnson v. Guevara*, No. 20 C 4156, *see* Dkt. 158 (*see also* Dkts. 132, 134, 135, 141, 142, 147, 155, 157) (N.D. Ill.), and for one non-compliant witness in *Sierra v. Guevara*, No. 18 C 3029, *see* Dkt. 519-5) (N.D. Ill.), both Guevara cases currently being litigated in this district.

WHEREFORE, Plaintiff respectfully requests that this Court find Jason Rivera in contempt and issue a writ of body attachment against him directing the U.S. Marshals Service to bring them to the U.S. Courthouse on a date determined by the Court and the parties, and grant any additional relief the Court deems just and proper.

August 9, 2024                             RESPECTFULLY SUBMITTED,

/s/ Steve Art
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

9

**CERTIFICATE OF SERVICE**

I, Steve Art, an attorney, hereby certify that, on August 9, 2024, I filed the foregoing motion using the Court's CM/ECF system, which effected service on all counsel of record. In addition, I am causing a copy of this motion to be served on Mr. Rivera personally at the same address where he was previously served, and I will file a supplemental declaration regarding that service once it is complete.

/s/ Steve Art
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com