**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | No. 22-cv-6141 |
| *Plaintiff*, | ) | |
| | ) | Hon. Edmond E. Chang, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF JASON RIVERA**

Pursuant to the Court's October 9, 2024 Minute Entry, Dkt. 206, Plaintiff requests an order granting him permission to serve his Motion for Writ of Body Attachment, Dkt. 186, the Court's September 26, 2024 Minute Entry, Dkt. 202, and the Court's October 9, 2024 Minute Entry, Dkt. 206, upon Jason Rivera, via certified mail.

**I.    Jason Rivera**

1.      As discussed in Plaintiff's prior motions regarding Jason Rivera, Mr. Rivera is  an essential third-party witness in the above-captioned civil case, which concerns Plaintiff Daniel Rodriguez's wrongful conviction. Dkts. 99, 150, 179, 186. Mr. Rivera supposedly provided a statement to Defendants implicating Rodriguez in the murder at issue in the case and testified as such at Plaintiff's criminal trial. *Id.* Plaintiff contends that Rivera's statements were fabricated by Defendants, and that Defendants suppressed impeaching information relating to their interactions with Rivera throughout the criminal proceedings, violating Rodriguez's right to due process and a fair trial. *Id.* The importance of Mr. Rivera's deposition testimony to Plaintiff's civil case, and his reasons for believing that Mr. Rivera's testimony inculpating Plaintiff was fabricated by Defendants, are laid out in Plaintiff's Motion for a Writ of Body Attachment. Dkt. 186 at 2-3.

2.      Despite numerous attempts to depose Mr. Rivera, Plaintiff has not been able to obtain Mr. Rivera's critical testimony. To recap, again, Plaintiff's attempts to obtain this testimony:

   a.   On August 19, 2023, shortly after discovery opened in this case, Plaintiff's counsel served Rivera with a deposition subpoena, for a deposition to take place in October 2023, and provided Defendants notice of that deposition. *See* Dkts. 150-1 (August 19 Subpoena); 150-2 (October 2 Notice)

   b.   The parties conferred and decided that the deposition of Mr. Rivera would occur on November 13, 2023. See Dkt. 150-3 (Correspondence of September 28, 2023). Rodriguez's counsel communicated the change in date to Rivera, and an amended notice was served for that date. *See* Dkt. 150-4 (November 13 Notice).

   c.   On November 7, 2023, Defendants' counsel spoke with Rivera and communicated that Rivera "was adamant that he was never served with a deposition subpoena" and that "he has not planned to and will not be appearing for a deposition[.]" *See* Dkt. 150-5 (Correspondence of November 7, 2023). In response, Rodriguez's counsel wrote that Rivera was mistaken, that he had been served personally, and that Rodriguez intended to proceed with the deposition, as subpoenaed and noticed. Id.

   d.   Rivera did not appear for his first deposition on November 13. *See* Dkt. 150-3 (Correspondence of November 13).

   e.   On December 14, 2023, Rodriguez's counsel personally served a second deposition subpoena on Rivera, so there would be no dispute about whether service had been proper. *See* Dkt. 150-6 (December 14 Subpoena).

f.  After receiving that subpoena, Rivera was cooperative with Rodriguez's counsel, and he communicated to Rodriguez's counsel the information described above, that he was available on Wednesdays only, when he was off of work, and that his deposition would need to take place near Shorewood, Illinois, where Rivera works. *See* Dkt. 150-7 (Correspondence of January 17, 2024). After conferring with all parties, Rodriguez's counsel set the deposition for Wednesday, February 21, 2024 at the Wingate Hotel in Joliet, Illinois, and communicated that information to Rivera. *Id.* (Correspondence of January 24, 2024). On February 19, 2024, however, Rivera communicated to Rodriguez's counsel that he "ain't showing up." *Id.* (Correspondence of February 19, 2024).

g.  The parties made a record of Rivera's non-appearance at Mr. Rivera's second subpoenaed and noticed February 21 deposition. *See* Dkt. 150-8 (Transcript).

h.  On May 8, 2024, Plaintiff filed an unopposed motion for rule to show cause regarding Jason Rivera's non-appearance at his depositions in this matter. Dkt. 150.

i.  On June 11, 2024, the Court granted that motion, set a hearing for July 24, 2024, requiring Jason Rivera to show cause why he has not appeared for his deposition, and providing instructions to Plaintiff's counsel. Dkt. 161.

j.  As explained in a status report, Dkt. 163 at 3, on June 13, 2024, pursuant to the Court's instructions, Plaintiff's counsel attempted to serve the Court's order on Jason Rivera personally at the same address where he had been served with the past deposition subpoenas. Mr. Rivera was not there, but Plaintiff's counsel's investigator served the order, pursuant to Federal Rule of Civil Procedure

5(b)(2)(B)(ii), by leaving it with an adult in Mr. Rivera's household. At the same time, the person in Mr. Rivera's household said that Mr. Rivera had travelled to Puerto Rico for a family funeral.

k. Shortly after leaving the Court's order, Mr. Rivera called the undersigned, stating that he would be returning to Chicago at the end of June and would sit for a deposition at the place and time that the parties designated.

l. After conferring among counsel, the parties made July 18 available for the deposition of Mr. Rivera, and, on July 8, 2024, the undersigned counsel sent a text message with that date to Mr. Rivera to confirm the date. *See* Dkt. 179-1 (text messages with Mr. Rivera). There was no response.

m. On July 15, 2024, the undersigned counsel against asked Mr. Rivera if he would confirm whether the date of July 18 would work for him, reminding him of the Court's order setting a heading on July 24 at 10:30 a.m. *Id.* This time, Mr. Rivera responded "Wrong number." *Id.*

n. On July 17, 2024, in a last-ditch effort, the undersigned counsel wrote via text again: "Dear Mr. Rivera, This is the attorney for Daniel Rodriguez again. In light of the Court's order in this case, the hearing next week, and the fact that you have not told us of any conflict, we are planning on proceeding with your deposition tomorrow, July 18, 2024, at 311 N. Aberdeen St. in Chicago. If you cannot attend, please let us know." *Id.* Mr. Rivera responded, "How about right now. Work tomorrow." *Id.*

o. After explaining that the deposition could not proceed that instant, that the parties could convene for the deposition on a day during the week of July 22, 2024, and

that the deposition had to be completed before July 24, 2024, Mr. Rivera wrote:

"STOP SAYING THAT COURT DOESNT MOVE ME. REMEMBER I DONT

REMEMBER NOTHING PLAYING THE 5th." *Id.*

p. Counsel continued to communicate with Mr. Rivera, asking whether Monday,

   July 22, 2024, or Tuesday, July 23, 2024, would work for a deposition, and

   explaining that counsel wished to make the process as simple as possible. *Id.* Mr.

   Rivera could not do those days. *Id*. But he agreed to sit for his deposition at 10

   a.m. on Wednesday, July 24, 2024, at the same time that this Court's hearing is

   set. *Id.* Plaintiff's counsel sent a new notice of the deposition and confirmed the

   location with Mr. Rivera. *Id.*

q. On July 22, 2024, Plaintiff filed an unopposed motion to continue the hearing on

   Plaintiff's motion for rule to show cause, which was served on Mr. Rivera. Dkt.

   179.

r. On July 23, 2024, the Court granted Plaintiff's motion, resetting the show cause

   hearing from July 24 to August 8, 20204. Dkt. 180.

s. On July 24, 2024, Mr. Rivera did not show up for his third deposition. Both

   Plaintiff and Defendants called him a number of times, and he did not answer.

   The parties made a record of his non-appearance. *See* Dkt. 186-1.

t. On July 26, 2024, Plaintiff's investigator served the Court's July 23 order and

   Plaintiff's Motion for Rule to Show Cause, Dkt. 179, on Mr. Rivera at his

   address, with the same person who accepted service of the prior Court order.

u. On August 8, 2024, Mr. Rivera did not show up for the Court's show cause

   hearing.

v.   On August 9, 2024, Plaintiff filed a Motion for a Contempt Order and a Writ of Body Attachment for Jason Rivera. Dkt. 186.

w.  On August 12, 2024, Plaintiff's investigator successfully served Mr. Rivera a copy of Plaintiff's Motion for a Contempt Order and Writ of Body Attachment. *See* Dkt. 188.

x.   On August 27, 2024, the Court set a motion hearing for September 23, 2024, and ordered Mr. Rivera to appear. Dkt. 193.

y.   On August 29, 2024, Plaintiff's Investigator successfully served Mr. Rivera with Plaintiff's Application for Release of Gateway Records, Dkt. 167, and the Court's August 27, 2024 Minute Entry, Dkt. 193. *See* Dkt. 194.

z.   On September 23, 2024, the Court held the scheduled status hearing, but Mr. Rivera did not appear. Dkt. 202. The Court ordered Plaintiff to again serve Jason Rivera with his Motion for a Contempt Order and Writ of Body Attachment, Dkt. 186, which he had successfully served on August 12, 2024, before October 2, 2024.

aa.  When Plaintiff attempted to serve Mr. Rivera at the same address on October 2, Rivera's wife cracked the door and demanded that the investigator get off her property. A second attempt that day was unsuccessful, but the documents were left at the door. *See* 205-1.

bb.  After Plaintiff's multiple unsuccessful attempts to serve the relevant documents on Jason Rivera at the same address before October 2, the Court extended this deadline to October 16, 2024. Dkt. 206.

cc. Plaintiff was unable to effect service on Mr. Rivera before October 16. *See* Exhibit A (Declaration of Oscar Gomez).

dd. On the last attempt on October 15, 2024, after arriving at Mr. Rivera's address, Plaintiff's investigator announced himself and that he was looking for Mr. Rivera via the doorbell. *Id.* After this pronouncement, no one answered the door or used the doorbell to communicate with Plaintiff's investigator. *Id.* No one exited the house or otherwise indicated they would accept service, so Plaintiff's investigator left. *Id.*

3. Despite Plaintiff's successful service of Plaintiff's Motion for a Contempt Order and Write of Body Attachment on August 12, 2024 and despite numerous appeals to this Court to authorize the Marshalls to compel Mr. Rivera to sit for his deposition, Plaintiff remains unable to take Mr. Rivera's deposition—with testimony that is critical to the outcome of this case—without court intervention. Now, more than one year after Plaintiff first scheduled Mr. Rivera's deposition, Mr. Rivera has stopped accepting service of Plaintiff's motions and the court orders.

## II.     <u>Requested Relief</u>

4. For the reasons given above, Plaintiffs request an order permitting them to serve Jason Rivera by certified mail, or by leaving the documents at Mr. Rivera's known place of residence, at which he has previously been served repeatedly. *See Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *3 (N.D. Ill. Apr. 22, 2020) (finding such alternative means constituted appropriate service based on similar evidence of evasion) (citing *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012); *York Group, Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 402 (7th Cir. 2011)).

Date: October 22, 2024                    RESPECTFULLY SUBMITTED,

/s/ Anand Swaminathan
*Attorneys for Plaintiff*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
anand@loevy.com