**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | No. 22-cv-6141 |
| *Plaintiff*, | ) | |
| | ) | Hon. Edmond E. Chang, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION TO COMPEL TESTIMONY
AND DOCUMENTS FROM THIRD-PARTY WITNESS MATTHEW COGHLAN**

Plaintiff in the above-captioned matter, Daniel Rodriguez, pursuant to Rules 26(b) and 37(a) of the Federal Rules of Civil Procedure, respectfully submits the following Motion to Compel Testimony and Documents from Third-Party Witness, Matthew Coghlan, stating as follows:

**INTRODUCTION & BACKGROUND**

Plaintiff Daniel Rodriguez filed this federal lawsuit against Reynaldo Guevara, former Cook County ASA Patrick Walsh,[1] the City of Chicago, Cook County, and others alleging violations of his civil rights relating to his wrongful conviction. The allegations include, among other things, violations of due process, failure to intervene, civil conspiracy, and malicious prosecution.

Matthew Coghlan ("Coghlan") was the lead trial prosecutor for the Cook County State's Attorney's Office ("CCSAO") during Plaintiff's underlying criminal trial. Coghlan is also a

---

[1] Plaintiff's Complaint alleges that Defendant Walsh and other unknown state prosecutors, while acting in an investigatory capacity, manufactured and fabricated coerced confessions and statements from Plaintiff and other witnesses prior to the existence of probable cause, and worked to maliciously prosecute Plaintiff. Dkt. 1, ¶ 22.

former defendant in two other Guevara-related federal lawsuits adjudicated to settlement in the Northern District of Illinois—*Serrano v. Guevara*, 17-cv-2869 and *Montanez v. Guevara*, 17-cv-4560.² Coghlan filed a complaint against Jon Loevy (and others) with the Illinois Attorney Registration and Disciplinary Commission ("ARDC") in what appears to be retaliation for Jon Loevy's involvement in a judicial retention political action committee ("PAC") in 2018 that advocated for Coghlan's non-retention to the Cook County Judiciary. *See* Ex. 1, *Coghlan ARDC Complaint and Response*.³ Jon Loevy is the lead attorney in Plaintiff's lawsuit. The PAC's recommendation of Coghlan's non-retention appears to have been done, in part, because of Coghlan's role in the above referenced wrongful conviction cases that involved Defendant Guevara. As such, Plaintiff served a document subpoena upon Coghlan seeking, among other things, "Any and all [] documents relating to any complaint made by Matthew Coghlan to the Attorney Registration and Discipline Commission of the Supreme Court of Illinois against any attorney or employee associated with the law firm of Loevy & Loevy." Ex. 2, *August 28, 2024 Subpoena and Rider*. Plaintiff did so to explore what degree of bias or personal animus Coghlan might have against Plaintiff's counsel, and by extension, against Plaintiff, in advance of taking his deposition.

Coghlan's deposition was originally scheduled for April 23, 2024. Ex. 3, *March 1, 2024 Barber Email* (informing Plaintiff of Coghlan's availability and offering 4/23). On April 22, Individual Defendants' counsel Mark Smolens informed Plaintiff's counsel that Coghlan's

---

² In 2018, Matthew Coghlan became the first Cook County circuit judge to lose a retention election in 28 years. It was widely reported that one contributing factor were these lawsuits which accused him of framing two innocent men. In both cases, like in *Rodriguez*, there are allegations that the CCSAO provided benefits to key third-party witnesses in exchange for their testimony in the criminal cases. Plaintiff's current counsel represented the plaintiff in *Montanez v. Guevara*, 17-cv-4560.

³ After Coghlan refused to respond to Plaintiff's subpoena for all documents related to Coghlan's ARDC complaint, Plaintiff produced what documents he possessed (D. Rodriguez 007074-7189) relative to the investigation.

deposition would not be proceeding on April 23, stating that "As you are aware we have been in discussions with the SAO regarding their non-production of materials which Judge Coghlan (quite reasonably) believes will assist in his recalling the events of decades ago." Ex. 4, *April 22, 2024 Smolens Email*. On July 3, Plaintiff subpoenaed Matthew Coghlan ("Coghlan") for a deposition scheduled for July 12. Ex. 5, *July 3, 2024 Deposition Subpoena*. That deposition was rescheduled to August 29 by the parties. Ex. 6, *August 20, 2024 Deposition Subpoena*. On August 23, Elizabeth Ekl ("Ekl") informed Plaintiff's counsel via email that she had been retained to represent Coghlan and would need to reschedule his deposition. Ex. 7, *August 23, 2024 Ekl Email*. Plaintiff then served a deposition[4] and document subpoena on Coghlan via Ekl. Ex. 9.

On September 17, Coghlan responded to Plaintiff's document subpoena. Coghlan responded to Plaintiff's request for documents related to any ARDC complaint by lodging various boilerplate objects to the request and stating that "any documents responsive to Plaintiff's request are confidential and protected by Illinois Supreme Court Rule 766." Ex. 10, *Coghlan's Responses to Plaintiff's Subpoena*. Coghlan's objections are unfounded, and he should be compelled to produce the requested information.

## MEET AND CONFER PROCESS

On October 4, following email correspondence, the attorneys for Plaintiff and Coghlan participated in a telephonic Rule 37 meet and confer conference. The parties agreed to continue their discussion. On October 11, 2024, Plaintiff emailed Ekl to confirm Coghlan's position. Ex. 11, *October 11, 2024 Starr Email*. On October 14, Ekl confirmed that Coghlan would not be providing any further response regarding ARDC-related documents responsive to Plaintiff's

---

[4] Coghlan's deposition was later rescheduled to October 17, pursuant to agreement. Ex. 8, *September 3, 2024 Amended Deposition Notice*.

3

subpoena and would not answer deposition questions about any ARDC complaint(s) he may or may not have filed. Ex. 12, *October 14, 2024 Ekl Email*. On October 15, Plaintiff's counsel sent an email informing Ekl that Coghlan's deposition would need to be rescheduled because Plaintiff was going to seek assistance from the Court. Ex. 13, *October 15, 2024 Starr Email*. Plaintiff's counsel emailed Ekl the ARDC documents he produced in this case and asked if their production changed Coghlan's position. Ex. 14, *October 17, 2024 Starr Email*. On October 21, Ekl informed Plaintiff that Coghlan would be standing on his objections. *Id.*, *October 21, 2024 Ekl Email*. The parties are thus at impasse. This motion follows.

## DISCUSSION

Plaintiff has a legitimate concern that Coghlan has a bias that might influence his testimony in this matter. As such, Plaintiff has a right under the federal rules to explore that potential bias by seeking 1) documents related to Coghlan's ARDC complaint in his possession; and 2) his testimony related to that ARDC complaint. Despite Plaintiff's own production of documents related to the ARDC complaint and Jon Loevy's response in Plaintiff's possession, Coghlan has not informed Plaintiff if he still possesses any additional documents relevant to Plaintiff's subpoena. Even if Coghlan were to inform Plaintiff and/or the Court that he possesses no further documents related to his ARDC complaint, this Court should order that Coghlan needs answer deposition questions about his ARDC complaint. What documents Coghlan possesses and what testimony he might give relating to his ARDC complaint go directly to his potential bias in this matter. This evidence is centrally relevant because Coghlan was the lead prosecutor in Plaintiff's underlying criminal trial and is going to testify about whether that prosecution was based on false evidence. If Coghlan has reasons unrelated to this case to testify in a way that favors the Defendants, Plaintiff has a right to know and explore that bias. Plaintiff has to be able

4

to discover and question Coghlan on any evidence of his bias, which would be relevant for any witness in any federal case. *See, e.g., United States v. Manske*, 186 F.3d 770, 777 (7th Cir. 1999) ("it is well established that a witness may be cross-examined for bias . . . bias is always relevant."); *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 625 (N.D. Ill. 2016) ("Bias in its myriad forms is always relevant"); *Digan v. Euro-Am. Brands, LLC*, No. 10 C 799, 2012 WL 668993, at *5 (N.D. Ill. Feb. 29, 2012) (holding that the requested documents are "relevant to these witnesses' possible bias. [Plaintiff] is entitled to the information to prepare for possible cross-examination."); *Barney v. Zimmer Biomet Holdings, Inc.*, No. 3:17-CV-616-JD-MGG, 2020 WL 4368359, at *9 (N.D. Ind. July 30, 2020) ("Regardless of whether [the requested documents] can or cannot establish such bias, [Plaintiff] is entitled to test the reliability of any witness.").

Rule 26(b) of the Federal Rules of Civil Procedure provides that a plaintiff is entitled to discovery regarding any nonprivileged matter that is relevant to her claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b). Rule 37(a) of the Federal Rules of Civil Procedure provides that a party may motion for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a). In circumstances where a party invokes a claim of privilege over discovery sought, that party bears the burden both to show that the privilege it has invoked exists, and to demonstrate its applicability to the documents or testimony they have withheld. *Stewart v. Gen. Motors Corp.,* No. 86 C 4741, 1988 WL 6927, at *1 (N.D. Ill. Jan. 27, 1988), *aff'd,* 892 F.2d 81 (7th Cir. 1989) (burden is on the party asserting the privilege to establish that all the elements of the privilege are satisfied); *United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir. 1994) (marital privilege); *see also Shaffer v. American Medical Association*, 662 F.3d 439, 446 (7th Cir. 2011) (attorney-client privilege). No federal privilege exists to protect the documents and testimony

5

Coghlan has withheld; nor is any Ill. Sup. Ct. R. 766 privilege applicable in a federal-question case. Furthermore, courts in this District have ruled that Rule 766 does not protect from disclosure the type of documents submitted by Coghlan to the ARDC. Finally, the types of documents submitted by Coghlan to the ARDC are not protected under the doctrines of attorney work product or attorney-client privilege. Accordingly, this Court should compel the disclosure of all such responsive non-redacted documents and order that the deposition of Coghlan—who intends to withhold testimony related to any ARDC complaint—go forward without any protective order limiting such questioning.

> **A. There is No Federal Privilege that Protects the Documents Coghlan Has Withheld Nor the Testimony He Intends to Withhold.**

Rule 501 of the Federal Rules of Evidence establishes that in federal-question cases, federal law governs claims of privilege. Fed. R. Evid. 501 (federal common law governs except where the U.S. Constitution, federal statute, or Supreme Court rules provide otherwise); *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004) (Illinois privilege does not govern in federal-question suit); *see also McKevitt v. Pallasch,* 339 F.3d 530, 533 (7th Cir. 2003) (Court finding that Illinois may have a statutory reporter's privilege, but because this was a federal-question case, it is inapplicable); *United States v. Bek,* 493 F.3d 790, 801 (7th Cir. 2007); *Dunn v. Washington County Hosp.,* 429 F.3d 689, 693 (7th Cir. 2005). Plaintiff's case involves claims brought under Section 1983 and therefore concern this Court's federal-question jurisdiction. The evidence Plaintiff is seeking—materials relating to Coghlan's ARDC complaint against Plaintiff's lawyer Jon Loevy (and any other Loevy employee)—are relevant and important evidence relating to a potential bias of a critical witness for Plaintiff's Section 1983 claims. Accordingly, Coghlan's claim that the documents and testimony he is withholding are privileged under Illinois state law fails on its face. A state-law privilege is not a basis to withhold

6

documents relevant to Plaintiff's federal claims. Fed. R. Evid. 501; *e.g.*, *Univ. of Penn. v. EEOC*, 493 U.S. 182, 188-193 (1990) (Recognizing that confidentiality is "important to the proper functioning of [a] peer review process" in any institution, and nevertheless holding that rooting out violations of federal law outweighed any interest in maintaining confidentiality of the peer review process).[5] Such a claim of privilege should not have been made in the first place. That the law does not support application of a state-law privilege is reason enough to overrule Coghlan's claim of privilege and order him to produce the requested documents and testify at his deposition.

What is more, Coghlan has not and cannot provide a justification for recognition of a new federal privilege in this case. The Supreme Court has repeatedly cautioned that federal courts should *not* recognize an evidentiary privilege unless the party invoking it shows that "it 'promotes sufficiently important interests to outweigh the need for probative evidence . . . .'" *Univ. of Penn.*, 493 U.S. at 189 (quoting *United States v. Trammel*, 445 U.S. 40, 51 (1980)). The Seventh Circuit has further explained that because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed. *Mem'l Hosp. for McHenry Cnty. v. Shadur,* 664 F.2d 1058, 1061 (7th Cir. 1981), citing *United States v. Nixon*, 418 U.S. 683, 710 (1974). Further when deciding whether an asserted privilege should be recognized, it is important to take into account the particular factual circumstances of the case in which the issue arises. *Id*. Here, the particular factual circumstances are that Coghlan filed a complaint against Plaintiff's lead

---

[5] The Court in *University of Pennsylvania* addressed discovery of certain materials in a Title VII lawsuit, finding that investigating racial and sex discrimination was a "great, if not compelling, governmental interest." *Id.* This lawsuit, brought under section 1983 to investigate violations of Plaintiff's constitutional rights, can be no less compelling than the cause of action in *University of Pennsylvania. See, e.g., Dunn v. Dunn*, 163 F. Supp. 3d 1196, 1202 (M.D. Ala. 2016) (finding reasoning of courts addressing privilege in discrimination cases "squarely applicable" to section 1983 cases).

7

attorney alleging unsubstantiated claims that Jon Loevy made false statements about Coghlan that, in turn, led to him being voted off the bench.

 Privileges are distinctly exceptional and not lightly created because they are a derogation of the search for the truth. *United States v. Nixon*, 418 U.S. 683, 710 (1974); *United States v. Bryan*, 339 U.S. 323, 331 (1950). By their very nature, privileges conflict with the search for the truth. *See United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Here, this Court should refrain from creating a new privilege that might allow Coghlan to obfuscate whatever personal animus and bias he may have against Plaintiff and his counsel. What Coghlan told the ARDC is entirely relevant to assess his bias and potentially impeach his testimony. It is well established that a witness may be cross-examined for bias. The Seventh Circuit Court has repeatedly recognized that witness bias is always relevant, and parties should be granted reasonable latitude in cross-examining target witnesses despite concerns about harassment, prejudice, confusion of the issues, and marginal relevance. *Manske*, 186 F.3d at 777. Relatedly, the type of personal bias identified by Plaintiff here is often recognized as a basis for courts to routinely find that judges should recuse themselves from ruling on matters before them. *Del Vecchio v. Illinois Dep't of Corr.,* 31 F.3d 1363, 1373 (7th Cir. 1994) (judges can be biased when faced with "direct, personal, substantial, pecuniary interest[s].") *See also Taylor v. Hayes,* 418 U.S. 488, (1974) (judge who had become embroiled in a "running controversy" with an attorney that resulted in "marked personal feelings . . . on both sides," and during which the judge had displayed an "unfavorable personal attitude" toward the attorney, could not try the attorney for contempt). Here, Coghlan is a former judge who made serious allegations of misconduct to the ARDC against Jon Loevy after he was 1) sued by Jon Loevy's law firm in the *Montanez* case; and 2) subsequently lost his employment as a Cook County judge because of what he perceives to be

8

misrepresentations made by Jon Loevy's judicial retention PAC. Clearly, a "running controversy" driven by "marked personal feelings" and a loss of "direct, personal, substantial, pecuniary interests" might be behind Coghlan's submissions and communications to the ARDC. Plaintiff should be allowed to properly examine and explore whether a bias exists here.

### B. The Court Should Compel Production of All Documents Submitted By Coghlan to the ARDC.

Coghlan objects to Plaintiff's document subpoena on various grounds including that it calls for information that is protected from disclosure by Illinois Supreme Court Rule 766. The Court should overrule Coghlan's objections because the requested documents are relevant, the subpoena is narrowly tailored, and Rule 766 does not apply to documents submitted by Coghlan to the ARDC.

Rule 766 provides that the following proceedings before the ARDC are private and confidential:

> **(1)** investigations conducted by the Administrator;
> **(2)** proceedings before the Inquiry Board;
> **(3)** proceedings pursuant to Rule 753 before the Hearing Board prior to the service of a complaint upon the respondent;
> **(4)** information pursuant to which a board or the court has issued a protective order;
> **(5)** deliberations of the Hearing Board, the Review Board and the court;
> **(6)** proceedings before the Hearing and Review Boards pursuant to Rule 758;
> **(7)** proceedings pursuant to Rule 760; and
> **(8)** deliberations of the Commission and minutes of Commission meetings;
> **(9)** deliberations related to a claim submitted under the Client Protection Program; and,
> **(10)** information concerning trust accounts provided by lawyers as part of the annual registration pursuant to Rule 756(d); and
> **(11)** information concerning pro bono services and monetary contributions in support of pro bono services provided by lawyers as part of the annual registration pursuant to Rule 756(f).

Rule 766 does not apply to the documents requested by Plaintiff. Coghlan is not the "Administrator," and Plaintiff is not asking Coghlan to disclose the details of any "proceedings"

or "deliberations" listed in Rule 766. The documents requested by Plaintiff were created by Coghlan and voluntarily submitted to the ARDC by Coghlan. They remain in Coghlan's possession and are not a part of any protected proceeding under Rule 766.

Rule 766's privacy and confidentiality exceptions mean to "protect an attorney's reputation for honesty and integrity from the irreparable harm that might result if a publicly announced disciplinary investigation or charge later proved to be without substance." *In re Mitan*, 119 Ill.2d 229, 256 (Ill. Dec. 30, 1987). Here, Plaintiff seeks documents associated with complaint(s) he filed against Plaintiff's lawyer(s), not complaints filed against him. The fact that Coghlan seeks to invert the spirit of the rule to hide against claims he made against Plaintiff's lawyer(s) certainly begs the question why? While Coghlan filed a complaint against Jon Loevy, no discipline or charges ever flowed from such complaint. Plaintiff has a right to now seek to uncover what exactly Coghlan told the ARDC in support of his claims and allegations—especially if would reveal misrepresentations made or biases held by Coghlan.

To the extent the Court determines that Rule 766 does apply to the documents requested by Plaintiff, it does not prohibit their production in this case. Under Rule 26(b)(1), Plaintiff is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). *See Webster Bank, N.A. v. Pierce & Assocs., P.C.,* No. 16 C 2522, 2017 WL 11560210, at *2 (N.D. Ill. July 13, 2017) (Ruling that Rule 766 does not state that these documents are private and confidential, and does not preclude party from disclosing them, and finding that party can and must disclose these documents under Rule 766 in light of the goals of Rule 26. Fed. R. Civ. P. 26; ILCS S. Ct. Rule 766). There is no question that the requested documents—which very likely

10

contain statements by Coghlan regarding Plaintiff's lawyer and law firm, Loevy & Loevy—are relevant to establish any potential bias Coghlan may have against Plaintiff or his counsel.

The requested documents also are not protected by any recognized privilege. "The purpose underlying [Rule 766(a)] is to protect an attorney's reputation for honesty and integrity from the irreparable harm that might result if a publicly announced disciplinary investigation or charge later proved to be without substance." *In re Mitan*, 518 N.E.2d 1000, 1012 (Ill. 1987). It does not create a "privilege" and certainly does not "act as a shield to prevent" Coghlan from having to produce documents requested by Plaintiff in this case. *See Janopoulos v. Harvey L. Walner & Assocs.*, Ltd., No. 93 C 5176, 1994 WL 61801, at*3 (N.D. Ill. Feb. 17, 1994) ("Supreme Court Rule 766 simply closes certain portions of the disciplinary process off from the public; the rule does not act as a shield to prevent Walner from having to produce documents requested by Janopoulos."). Indeed, "[e]vidence of professional ethics violations is not only discoverable but may be admissible under Fed. R. Evid. 608(b)." *Id.* (citing *United States v. Fulk*, 816 F.2d 1202, 1206 (7th Cir. 1987)).

To the extent Coghlan argues that Rule 766 is a statutory privilege, he is incorrect. Rule 766 merely states that certain proceedings are to remain "private and confidential." *See* IL Sup. Ct. R. 766(a). It does not state that a Court cannot order the production or disclosure of those proceedings or documents related to those proceedings, or that those proceedings or documents related to those proceedings, are "privileged" or "protected from disclosure." Indeed, Rule 766 provides that the Administrator may "produce, disclose, release, inform, report or testify to any information, reports, investigations, documents, evidence or transcripts in the Administrator's possession" when authorized by the Court "[i]n the interests of justice and on such terms as [the Court] deems appropriate." IL Sup. Ct. R. 766(b)(2).

11

In short, the requested documents were created by Coghlan, are in Coghlan's possession, and potentially contain statements and admissions by Coghlan directly relevant to his bias against Plaintiff and/or his counsel in this lawsuit. Accordingly, the Court should overrule Coghlan's objections and enter an order compelling Coghlan to produce documents responsive to Plaintiff's subpoena and to testify in full regarding his ARDC complaint.

### C. Coghlan's ARDC Files Are Not Privileged Attorney Work Product.

As a final matter, any ARDC files that Coghlan may possess are not work product. It is not clear what mental impressions or legal theories in the instant *Rodriguez* matter would be contained in any underlying ARDC file. Coghlan has not produced a privilege log, so it is impossible to know to why Coghlan and his counsel have unilaterally claimed this privilege. The work product doctrine is codified at Fed. R. Civ. P. 26(b)(3) and provides protection against disclosure of tangible things that are prepared in anticipation of litigation by another party to that litigation. Even when covered, documents and information should nonetheless be produced when a party "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Coghlan's failure to provide a privilege log also makes it unclear and difficult to ascertain what, if anything, was withheld based upon the attorney-client privilege. Under any scenario, there can be no doubt that most of the information sought is not protected by the work product doctrine and attorney-client privilege.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order compelling third-party witness Matthew Coghlan to withdraw his objections to Plaintiff's document subpoena and produce, in full, unredacted form, all his ARDC files related to any complaints he made against Jon Loevy and/or the law firm of Loevy & Loevy, and further order

Coghlan to answer deposition questions posed related to such matters, and grant any such further relief as this Court deems just, necessary, or proper.

**October 23, 2024**                                               RESPECTFULLY SUBMITTED,


/s/ Sean Starr
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
sean@loevy.com

**CERTIFICATE OF SERVICE**

I, Sean Starr, an attorney, do hereby certify that on October 23, 2024, I served the foregoing motion on all counsel of record through the CM/ECF system.

/s/ Sean Starr
*Counsel for Plaintiff*

Case: 1:22-cv-06141 Document #: 212 Filed: 10/23/24 Page 14 of 14 PageID #:1726