IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | No. 22-cv-6141 |
| *Plaintiff*, | ) | |
| | ) | Hon. Edmond E. Chang, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**PLAINTIFF'S RENEWED MOTION
FOR ALTERNATIVE SERVICE OF JASON RIVERA**

Pursuant to the Court's October 9, 2024 Minute Entry, Dkt. 206, and the Court's October 30, 2024 Minute Entry, Dkt. 214, Plaintiff renews his Motion for Alternative Service of Jason Rivera and requests an order granting him permission to serve his Motion for Writ of Body Attachment, Dkt. 186, the Court's September 26, 2024 Minute Entry, Dkt. 202, and the Court's October 9, 2024 Minute Entry, Dkt. 206, upon Jason Rivera, via certified mail. In support, Plaintiff states as follows:

**INTRODUCTION**

As discussed at length in Plaintiff's prior motions regarding Jason Rivera, Mr. Rivera is the essential third-party witness in the above-captioned civil case, which concerns Plaintiff Daniel Rodriguez's wrongful conviction. Dkts. 99, 150, 179, 186 at 2-3. His testimony is critical to the case and his deposition must be taken before discovery closes.

Mr. Rivera has repeatedly promised to attend his deposition. He has been served with multiple deposition subpoenas. He has been served repeatedly with this Court's orders that he

appear. He has been ordered to attend multiple Court hearings and has not. In short, he has had a great number of opportunities to obey this Court's orders, and he has ignored them all.

As a result, on September 27, 2024, this Court held that there was good cause for the U.S. Marshals to take Mr. Rivera into custody in order to compel his deposition, but it gave him another chance to voluntarily comply in order to purge himself of contempt. Dkt. 202. Plaintiff submits that giving Mr. Rivera yet another chance after he had ignored nearly a dozen Court orders was gracious to Mr. Rivera in a manner atypical in this District—typically a witness as non-compliant as Mr. Rivera would have been brought into custody by now.

The Court ordered Plaintiff to serve the September 27 order on Mr. Rivera. Though Plaintiff after much effort and expense has been able to serve multiple other subpoenas, motions, and orders on Mr. Rivera, he is having trouble serving this latest one. Plaintiff tried serving the order repeatedly and unsuccessfully. He then filed a motion for alternative service, which the Court denied. Plaintiff respectfully submits that allowing alternative service via certified mail and other measures is warranted in these circumstances and supported by case law, for the reasons explained below.

Alternatively, Plaintiff submits that this Court has already found that there is good cause to hold Mr. Rivera in contempt. Dkts. 202, 206. Mr. Rivera has already refused to comply with this Court's orders on numerous occasions. And there is no reason for this Court to provide Mr. Rivera yet another opportunity to avoid being taken into custody to participate in his deposition. If the Court does not approve alternative service, then it should hold Mr. Rivera in contempt and issue a writ of body attachment directing the U.S. Marshals to bring him to the courthouse to sit for his deposition.

## DISCUSSION

Despite numerous attempts to depose Mr. Rivera, Plaintiff has not been able to obtain Mr. Rivera's critical testimony. To recap, again, Plaintiff's attempts to obtain this testimony:

a. On August 19, 2023, shortly after discovery opened in this case, Plaintiff's counsel served Rivera with a deposition subpoena, for a deposition to take place in October 2023, and provided Defendants notice of that deposition. *See* Dkts. 150-1 (August 19 Subpoena); 150-2 (October 2 Notice).

b. The parties conferred and decided that the deposition of Mr. Rivera would occur on November 13, 2023. See Dkt. 150-3 (Correspondence of September 28, 2023). Rodriguez's counsel communicated the change in date to Rivera, and an amended notice was served for that date. *See* Dkt. 150-4 (November 13 Notice).

c. On November 7, 2023, Defendants' counsel spoke with Rivera and communicated that Rivera "was adamant that he was never served with a deposition subpoena" and that "he has not planned to and will not be appearing for a deposition[.]" *See* Dkt. 150-5 (Correspondence of November 7, 2023). In response, Rodriguez's counsel wrote that Rivera was mistaken, that he had been served personally, and that Rodriguez intended to proceed with the deposition, as subpoenaed and noticed. *Id*.

d. Rivera did not appear for his first deposition on November 13. *See* Dkt. 150-3 (Correspondence of November 13).

e. On December 14, 2023, Rodriguez's counsel personally served a second deposition subpoena on Rivera, so there would be no dispute about whether service had been proper. *See* Dkt. 150-6 (December 14 Subpoena).

f. After receiving that subpoena, Rivera was cooperative with Rodriguez's counsel, and he communicated to Rodriguez's counsel the information described above, that he was available on Wednesdays only, when he was off of work, and that his deposition would need to take place near Shorewood, Illinois, where Rivera works. *See* Dkt. 150-7 (Correspondence of January 17, 2024). After conferring with all parties, Rodriguez's counsel set the deposition for Wednesday, February 21, 2024 at the Wingate Hotel in Joliet, Illinois, and communicated that information to Rivera. *Id.* (Correspondence of January 24, 2024). On February 19, 2024, however, Rivera communicated to Rodriguez's counsel that he "ain't showing up." *Id.* (Correspondence of February 19, 2024).

g. The parties made a record of Rivera's non-appearance at Mr. Rivera's second subpoenaed and noticed February 21 deposition. *See* Dkt. 150-8 (Transcript).

h. On May 8, 2024, Plaintiff filed an unopposed motion for rule to show cause regarding Jason Rivera's non-appearance at his depositions in this matter. Dkt. 150.

i. On June 11, 2024, the Court granted that motion, set a hearing for July 24, 2024, requiring Jason Rivera to show cause why he has not appeared for his deposition, and providing instructions to Plaintiff's counsel. Dkt. 161.

j. As explained in a status report, Dkt. 163 at 3, on June 13, 2024, pursuant to the Court's instructions, Plaintiff's counsel attempted to serve the Court's order on Jason Rivera personally at the same address where he had been served with the past deposition subpoenas. Mr. Rivera was not there, but Plaintiff's counsel's investigator served the order, pursuant to Federal Rule of Civil Procedure

      5(b)(2)(B)(ii), by leaving it with an adult in Mr. Rivera's household. At the same time, the person in Mr. Rivera's household said that Mr. Rivera had travelled to Puerto Rico for a family funeral.

k. Shortly after leaving the Court's order, Mr. Rivera called the undersigned, stating that he would be returning to Chicago at the end of June and would sit for a deposition at the place and time that the parties designated.

l. After conferring among counsel, the parties made July 18 available for the deposition of Mr. Rivera, and, on July 8, 2024, the undersigned counsel sent a text message with that date to Mr. Rivera to confirm the date. *See* Dkt. 179-1 (text messages with Mr. Rivera). There was no response.

m. On July 15, 2024, the undersigned counsel again asked Mr. Rivera if he would confirm whether the date of July 18 would work for him, reminding him of the Court's order setting a hearing for July 24 at 10:30 a.m. *Id.* This time, Mr. Rivera responded "Wrong number." *Id.*

n. On July 17, 2024, in a last-ditch effort, the undersigned counsel wrote via text: "Dear Mr. Rivera, This is the attorney for Daniel Rodriguez again. In light of the Court's order in this case, the hearing next week, and the fact that you have not told us of any conflict, we are planning on proceeding with your deposition tomorrow, July 18, 2024, at 311 N. Aberdeen St. in Chicago. If you cannot attend, please let us know." *Id.* Mr. Rivera responded, "How about right now. Work tomorrow." *Id.*

o. After explaining that the deposition could not proceed that instant, that the parties could convene for the deposition on a day during the week of July 22, 2024, and

that the deposition had to be completed before July 24, 2024, Mr. Rivera wrote: "STOP SAYING THAT COURT DOESNT MOVE ME. REMEMBER I DONT REMEMBER NOTHING PLAYING THE 5th." *Id.*

p. Counsel continued to communicate with Mr. Rivera, asking whether Monday, July 22, 2024, or Tuesday, July 23, 2024, would work for a deposition, and explaining that counsel wished to make the process as simple as possible. *Id.* Mr. Rivera could not do those days. *Id.* But he agreed to sit for his deposition at 10 a.m. on Wednesday, July 24, 2024, at the same time that this Court's hearing was set. *Id.* Plaintiff's counsel sent a new notice of the deposition and confirmed the location with Mr. Rivera. *Id.*

q. On July 22, 2024, Plaintiff filed an unopposed motion to continue the hearing on Plaintiff's motion for rule to show cause, which was served on Mr. Rivera. Dkt. 179.

r. On July 23, 2024, the Court granted Plaintiff's motion, resetting the show cause hearing from July 24 to August 8, 2024. Dkt. 180.

s. On July 24, 2024, Mr. Rivera did not show up for his third deposition. Both Plaintiff and Defendants called him a number of times, and he did not answer. The parties made a record of his non-appearance. *See* Dkt. 186-1.

t. On July 26, 2024, Plaintiff's investigator served the Court's July 23 order and Plaintiff's Motion for Rule to Show Cause, Dkt. 179, on Mr. Rivera at his address, with the same person who accepted service of the prior Court order.

u. On August 8, 2024, Mr. Rivera did not show up for the Court's show cause hearing.

v. On August 9, 2024, Plaintiff filed a Motion for a Contempt Order and a Writ of Body Attachment for Jason Rivera. Dkt. 186.

w. On August 12, 2024, Plaintiff's investigator successfully served Mr. Rivera a copy of Plaintiff's Motion for a Contempt Order and Writ of Body Attachment. *See* Dkt. 188.

x. On August 27, 2024, the Court set a motion hearing for September 23, 2024, and ordered Mr. Rivera to appear. Dkt. 193.

y. On August 29, 2024, Plaintiff's investigator successfully served Mr. Rivera with Plaintiff's Application for Release of Gateway Records, Dkt. 167, and the Court's August 27, 2024 Minute Entry, Dkt. 193. *See* Dkt. 194.

z. On September 23, 2024, the Court held the scheduled status hearing, but Mr. Rivera did not appear. Dkt. 202. The Court ordered Plaintiff to again serve Jason Rivera with his Motion for a Contempt Order and Writ of Body Attachment, Dkt. 186, which he had successfully served on August 12, 2024, before October 2, 2024.

aa. When Plaintiff attempted to serve Mr. Rivera at the same address on October 2, Rivera's wife cracked the door and demanded that the investigator get off her property. A second attempt that day was unsuccessful, but the documents were left at the door. *See* Dkt. 205-1.

bb. After Plaintiff's multiple unsuccessful attempts to serve the relevant documents on Jason Rivera at the same address before October 2, the Court extended this deadline to October 16, 2024. Dkt. 206.

    cc. Plaintiff was unable to effect service on Mr. Rivera before October 16. *See* Dkt. 209-1 (Declaration of Oscar Gomez).

    dd. On the last attempt on October 15, 2024, after arriving at Mr. Rivera's address, Plaintiff's investigator announced himself and that he was looking for Mr. Rivera via the doorbell. *Id.* After this pronouncement, no one answered the door or used the doorbell to communicate with Plaintiff's investigator. *Id.* No one exited the house or otherwise indicated they would accept service, so Plaintiff's investigator left. *Id.*

    ee. On October 22, 2024, Plaintiff filed his first motion for alternative service. Dkt. 209. Plaintiff sought to serve the relevant documents on Mr. Rivera via certified mail.

    ff. On October 30, 2024, the Court denied Plaintiff's first motion for alternative service. Dkt. 214. Plaintiff is now filing this motion pursuant to the Court's order.

Despite Plaintiff's successful service of Plaintiff's Motion for a Contempt Order and Write of Body Attachment on August 12, 2024 and despite numerous appeals to this Court to authorize the Marshalls to compel Mr. Rivera to sit for his deposition, Plaintiff remains unable to take Mr. Rivera's deposition—with testimony that is critical to the outcome of this case—without court intervention. Now, more than one year after Plaintiff first scheduled Mr. Rivera's deposition, Mr. Rivera has stopped accepting service of Plaintiff's motions and the court orders.

For the reasons given above, Plaintiff requests an order permitting him to serve Jason Rivera the Court's most recent order by certified mail to Mr. Rivera's known place of residence, at which he has previously been served repeatedly, and by leaving the Court's most recent order at the same location. Courts have permitted the service of summonses under Rule 4(e)(1) via

certified mail when litigants have shown diligence in prior unsuccessful efforts. *See W. World Ins. Co. v. Frieden*, No. 416-CV-4038-SLD-JEH, 2018 WL 9880232, at *2 (C.D. Ill. Jan. 31, 2018) (finding that such a process complies with Illinois law, 735 ILCS 5/2-203.1, which permits a court to order alternative service by "any manner consistent with due process"); *see also Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, No. 1:17-CV-01973, 2021 WL 3077305, at *2 (N.D. Ill. Mar. 25, 2021) (same); *Tiggs v. Colonial Asset Mgmt., Inc.*, No. 13-CV-50111, 2013 WL 4012653, at *3 (N.D. Ill. Aug. 6, 2013) (same); *MetroPCS v. Devor*, No. 1:16-CV-02949, 2016 WL 9227406, at *1 (N.D. Ill. June 1, 2016) (permitting service of summonses on a defendant after diligent efforts by certified mail and email); *Nesbitt v. Regas*, No. 13 C 8245, 2015 WL 1331291, at *4 (N.D. Ill. Mar. 20, 2015) (permitting alternative service of summonses where "a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful"); *Fematt v. City of Chicago*, No. 11-CV-1530, 2011 WL 2415340, at *2 (N.D. Ill. June 10, 2011) (permitting alternative service of summonses, particularly where "there is good reason to believe that the [individual] is consciously and actively trying to evade service"); *Lisnek v. L. Off. of Marco A. Molina*, No. 2:20-CV-20-PPS-JPK, 2020 WL 6938389, at *2 (N.D. Ind. Nov. 25, 2020) (permitting service of summonses by first class mail, certified mail, and email, and by leaving the summonses at known addresses, under similar Indiana law); *Knox v. Jeffreys*, No. 21-CV-00483-SPM, 2023 WL 3868462, at *2 (S.D. Ill. June 7, 2023) (holding a court may allow for alternative service of summonses when traditional service is impractical).

If the Court wishes, Plaintiff can at the same time text a copy of the Court's order to Mr. Rivera's known phone number. Authorization of this alternative service is particularly

appropriate here, where Mr. Rivera has previously been served with the Court's orders and Plaintiff's motions personally.

Alternatively, Plaintiff submits that this Court has already found that there is good cause to hold Mr. Rivera in contempt. Dkts. 202, 206. Mr. Rivera has already refused to comply with this Court's orders on numerous occasions. And there is no reason for this Court to provide Mr. Rivera yet another opportunity to avoid being taken into custody to participate in his deposition. If the Court does not approve alternative service, then it should hold Mr. Rivera in contempt and issue a writ of body attachment directing the U.S. Marshals to bring him to the courthouse to sit for his deposition.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order permitting him to serve the Court's last order on Mr. Rivera via certified mail and by leaving a copy of the Order at the address known to be Mr. Rivera's address. Alternatively, this Court should hold Mr. Rivera in contempt and issue a writ of body attachment directing the U.S. Marshals to bring him to the courthouse to sit for his deposition.

Date: November 7, 2024

RESPECTFULLY SUBMITTED,

/s/ Steve Art
*One of Plaintiff's Counsel*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that on November 7, 2024, I caused the above document to be served upon all counsel of record through the Court's CM/ECF system.

/s/ Alyssa Martinez
*One of Plaintiff's Counsel*