IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-6141 |
| | ) | |
| v. | ) | Hon. Edmond E. Chang, |
| | ) | District Judge |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | Hon. Beth W. Jantz |
| Defendants. | ) | Magistrate Judge |

**NON-PARTY WITNESS MATTHEW COGHLAN'S MOTION
FOR PROTECTIVE ORDER AND RESPONSE TO PLAINTIFF'S
<u>MOTION TO COMPEL TESTIMONY AND DOCUMENTS</u>**

Non-party witness, Matthew Coghlan ("Coghlan"), by his counsel, Elizabeth A. Ekl of Burns Noland LLP, responds to Plaintiff's Motion to Compel Testimony and Documents from Third-Party Witness, Matthew Coghlan and moves for a protective order pursuant to Federal Rule of Civil Procedure 26 to prohibit Plaintiff from questioning Coghlan regarding any ARDC complaints against Plaintiff's counsel and/or any other counsel and from obtaining any documents or transcripts "related to" the same and, as follows:

**INTRODUCTION**

Broad discovery rules "were never intended to be an excursion ticket to an unlimited exploration of every conceivable matter that captures an attorney's interest ... [and] '[d]iscovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1). *Miller UK Ltd. v. Caterpillar, Inc.,* 17 F. Supp.3d 711, 721 (N.D. Ill. 2014) (quotation omitted). Despite the limited relevant testimony that Coghlan will be able to offer in this case, Plaintiff seeks to pierce the confidentiality of proceedings before the Illinois Attorney Registration & Disciplinary Commission ("ARDC") to explore whether Coghlan made false statements to the ARDC about Plaintiff's counsel, Jon Loevy's ("Loevy") and/or otherwise has a bias against Plaintiff.

Accordingly, Plaintiff should be barred pursuant to Fed. R. Civ. P. 26(c) from asking questions and obtaining documents related to any ARDC proceedings because the information sought is deemed private and confidential pursuant to Illinois Supreme Court Rule 766.

Coghlan is a retired Cook County Circuit Court judge. He has been identified as a witness in these proceedings based on his limited role as the trial prosecutor for the Cook County State's Attorney's Office ("CCCSAO") during Plaintiff's criminal trial. He was not the felony review prosecutor, was not present for any interviews or questioning of Plaintiff, did not elicit statements from witnesses prior to the existence of probable cause, and is not sued in this matter. In an effort to provide full and complete testimony regarding his involvement in Plaintiff's criminal prosecution, Coghlan made numerous efforts to obtain access to the complete criminal litigation file from the CCSAO. *See* Dkt. 212-4. To date, the original trial file, including notes Coghlan prepared during Plaintiff's criminal proceedings, has not been located – further limiting Coghlan's ability to provide testimony regarding his involvement in Plaintiff's prosecution.

Plaintiff's intended fishing expedition into collateral matters will not lead to admissible evidence and is therefore improper under Federal Rule of Civil Procedure 26; and Plaintiff's ability to explore bias will not be hindered by refusing his request to obtain the confidential materials.

## BACKGROUND

Coghlan was an assistant state's attorney for the CCSAO from 1987 to December of 2000, when he was elected judge in the Circuit Court of Cook County.

This civil case arises from Plaintiff's arrest and conviction for the March 17, 1991 shooting death of Jose Hernandez, Jr. ASA Patrick Walsh approved murder charges against Plaintiff on May 11, 1991 and was named as a defendant in Plaintiff's Complaint.[1] Coghlan was not involved in the

---

[1] To the extent Plaintiff infers in fn1 of his Motion that Coghlan could be one of the "unknown state prosecutors" against whom he brings claims in his Complaint, it is the undersigned's understanding that the

2

investigation, was not present for the taking of any witness statements or Plaintiff's confession, nor involved in the review or approval of Plaintiff's (or his co-defendant's) charges.

Plaintiff's underlying criminal case, which Coghlan prosecuted, proceeded to bench trial in February of 1993. It did not conclude until July of 1993 when Plaintiff was found guilty.

On August 28, 2024, Plaintiff served Coghlan with a subpoena to produce documents related to (1) proceedings in the case of *People v. Daniel Rodriguez and George Laureano*, Case No. 91-CR-29435; and (2) "[a]ny and all records, files, reports, investigations, documents, evidence, transcripts, and documents relating to any complaint made by Matthew Coghlan to the Attorney Registration and Discipline Commission of the Supreme Court of Illinois against any attorney or employee associated with the law firm of Loevy & Loevy, including but not limited to:

- All complaints made to the ARDC against anyone employed at or associated with the law firm of Loevy & Loevy.

- All documents that constitute or relate to any complaints made to the ARDC against anyone employed at or associated with the law firm of Loevy & Loevy.

- All Communications between Matthew Coghlan and the ARDC that refer or relate to any current or former employee of the law firm of Loevy & Loevy or the law firm Loevy & Loevy itself.

- All Communications between Matthew Coghlan and any agents or employees of the City of Chicago and any agents or employees of the Cook County State's Attorney's Office that refer or relate to any current or former employee of the law firm of Loevy & Loevy or the law firm Loevy & Loevy itself.

Dkt. 212-2. Coghlan did not withhold any documents in his possession responsive to Request No. 1. As to Request No. 2, Coghlan objected on several bases, including that the phrases "associated with the law firm of Loevy & Loevy," "agents of" the CCSAO and/or City of Chicago, and "related to any complaints" are vague and overly broad. Coghlan further objected on the basis that the request for

---

CCSAO recently settled all claims related to ASA Walsh and/or any other County employees that were or could have been brought in this case.

any complaints made to the Illinois Attorney Registration and Disciplinary Commission ("ARDC") seeks information that is deemed confidential and private pursuant to Illinois Supreme Court Rule 766. *See* Dkt. 212-10.

**ARGUMENT**

I. **Illinois Supreme Court Rule 766 Establishes the Confidentiality of ARDC Complaints and Proceedings Before the ARDC.**

Under Federal Rule of Civil Procedure 26(b)(1), a party may discover any matter *not privileged* which is relevant to the subject matter of the pending action. Fed. R. Civ. P. 26(b)(1) (emphasis added). Here, Plaintiff seeks to obtain testimony and documents from Coghlan that the Illinois Supreme Court has deemed confidential and private.

Illinois attorneys have an absolute duty to report misconduct of other attorneys. *See Skolnick v. Altheimer & Gray*, 191 Ill.2d 214 (Ill. 2000). So as not to discourage attorney compliance with their duties, the Illinois Supreme Court affords an absolute privilege to all communications made to the ARDC in a complaint related to attorney misconduct. *See* Ill. S. Ct. R. 775 ("Rule 775") (granting immunity from all civil liability to any person who communicates a complaint concerning an attorney to the ARDC for all communications made to the ARDC). The immunity granted to those who report misconduct extends to all communications with the ARDC and is not limited specifically to the complaint. *See Casamento v. Berendt*, 2018 IL App (2d) 180086 (2018), ¶ 17 ("By using such broad language, it is apparent that the supreme court did not intend that certain statements made to the ARDC would be privileged but others would not.").

The Illinois Supreme Court Rules further provide that investigations conducted by the Administrator and proceedings before the Inquiry Board *shall* be private and confidential. Ill. S. Ct. R. 766(a)(1) ("Rule 766") (emphasis added). Plaintiff acknowledges that the general purpose for the privacy and confidentiality provision is to protect an attorney's reputation for honesty and integrity

4

from the irreparable harm that might result if a publicly announced disciplinary investigation or charge later proved to be without substance. Mot., at 10 *citing In re Mitan*, 119 Ill.2d 229, 256 (1987). However, Illinois courts have made clear that the Rules also afford protection to those who report misconduct by ensuring "that individuals are in no way discouraged from lodging complaints with the appropriate disciplinary authorities." *Lykowski v. Bergman*, 299 Ill. App.3d 157, 165 (1st Dist. 1998).

Allowing Plaintiff's counsel to use this litigation as a means to obtain ARDC information deemed personal and confidential pursuant Rule 766 will discourage Coghlan (specifically) and others (generally) from complying with their duty to report. Plaintiff apparently intends to use the ARDC proceedings not merely to uncover bias but to try to conduct discovery for the purpose of collateral impeachment. *See* Mot., at 10 ("Plaintiff has a right to now seek to uncover what exactly Coghlan told the ARDC in support of his claims and allegations—especially if would reveal misrepresentations made or biases held by Coghlan."). Mr. Loevy received a copy of the ARDC complaint at issue and had an opportunity to respond. He is now attempting to do an end-run around the Illinois Supreme Court Rules to obtain Coghlan's private and confidential communications with the ARDC. The result leaves Coghlan stripped of the protections afforded to him under Illinois law and will, undoubtedly, have a chilling effect on the filing of ARDC complaints.

While Plaintiff's filing of the ARDC material with this court suggests that Mr. Loevy is not worried about harm to his own reputation for truth and honesty, he fails to acknowledge another concern: the complaint was also made against additional attorneys who are not parties to these proceedings. They too are protected from public disclosure and discussion of the complaint.

Plaintiff's unsupported argument (at 9-10) that the "private and confidential" provision of Rule 766 does not apply to Coghlan because he "is not the 'Administrator' and Plaintiff is not asking Coghlan to disclose the details of any 'proceedings' or 'deliberations' listed in Rule 766 is contrary to Illinois law. Illinois courts have found that charges made to the ARDC are "private and confidential"

5

until the ARDC determines to act upon them in the form of a formal complaint. *Lykowski v. Bergman*, 299 Ill. App.3d 157, 167 (1st Dist. 1998). There is no evidence the ARDC made a formal complaint against Plaintiff's counsel (or the other attorneys named in Coghlan's complaint) and, accordingly, any proceedings to this point maintain their private and confidential status.

In *Lykowski*, the defendant filed a complaint with the ARDC suggesting that the plaintiff was a liar and had engaged in unethical behavior. *Id.* at 160. The defendant subsequently "leaked" his letter to the ARDC to various newspapers. *Id.* The reviewing court held that while statements made to the newspapers were not subject to an absolute privilege (*id.* at 166-67), statements made to the ARDC were privileged because "an absolute privilege exists for any statements made during any step preliminary and necessary to a judicial or quasi-judicial proceeding." *Id.* at 165.

The court in *Casamento* agreed with *Lykowski*, noting "applying an absolute privilege to statements made in a complaint to the ARDC promotes the goal of ensuring that concerns regarding the unauthorized practice of law are shared with the ARDC." *Casamento v. Berendt*, 2018 IL App (2d) 180086, ¶ 19. The court also found, based on the plain language in Rule 775 and the policy reasons set forth in *Lykowski* that all statements made to the ARDC, even those unrelated to the practice of law, are immunized under Rule 775. *Berendt*, at ¶ 20. While these cases address the scope of the immunity afforded under Rule 775, the holdings regarding the nature of the proceedings and the confidentiality of statements made to the ARDC are instructive.

II. **An ARDC Complaint Made by Coghlan Against Plaintiff's Lawyer is Irrelevant to Whether Coghlan Possesses a Bias Against Plaintiff.**

Plaintiff is able to fully explore potential bias by Coghlan without reference to private and confidential ARDC information. Plaintiff claims (at 2) that he issued the subpoena to Coghlan for ARDC documents "to explore what degree of bias or personal animus Coghlan might have against Plaintiff's counsel, and by extension, against Plaintiff." However, Plaintiff does not explain why it is necessary for this Court to destroy the confidential and private nature of the ARDC proceedings in

6

order for Plaintiff to so inquire. 'Proof of bias' is not a talismanic phrase that extinguishes the trial court's duty to evaluate and possibly exclude evidence otherwise violative of the Rules. *Marcus & Millichap Inv. Servs. of Chicago, Inc. v. Sekulovski*, 639 F.3d 301, 307 (7th Cir. 2011).

Plaintiff's motion indicates (at 2) that Plaintiff's lead counsel, Jon Loevy, was involved in a judicial retention political action committee ("PAC") in 2018 that advocated for Coghlan's non-retention to the Cook County Judiciary while Loevy was pursuing civil rights claims against Coghlan. Coghlan was named a defendant in 2017 in two lawsuits (one filed by Plaintiff's lawyers), *Serrano v. Guevara*, Case No. 17-cv-2869 and *Montanez v. Guevara*, 17-cv-4560. As pointed out by Plaintiff (at 2), Loevy and the PAC's recommendation against Coghlan "appears" to have been motivated, "in part, because of Coghlan's role" in those cases. (Neither of those lawsuits resulted in judgments against Coghlan nor in a finding that that he "provided benefits to key third party witnesses in exchange for their testimony in the criminal cases."). Plaintiff will be able to explore whether Coghlan possesses any bias against Plaintiff's lawyers (or Plaintiff) as a result of their actions without the need for any ARDC materials and/or testimony regarding the ARDC proceedings.

Plaintiff's (or his counsel's) intent in seeking the requested materials is evident in Plaintiff's assertion (at 7-8) that "the particular factual circumstances are that Coghlan filed a complaint against Plaintiff's lead attorney alleging unsubstantiated claims that Jon Loevy made false statements about Coghlan that, in turn, led to him being voted off the bench." Plaintiff asserts (at 8), that "[w]hat Coghlan told the ARDC is entirely relevant to assess his bias and potentially impeach his testimony." However, while bias is a relevant area of inquiry, the law does not allow Plaintiff's counsel to use it as an excuse to harass or retaliate against a third-party witness. *See, e.g., E.E.O.C. v. United Air Lines, Inc.,* 287 F.3d 643, 653 (7th Cir. 2002) ("relevancy acts as a prohibition on fishing expeditions"). And discovery related to the truth or falsity of statements made to the ARDC is not relevant to determining if Coghlan has a bias and why.

7

Further, as it relates to Plaintiff's intent to illicit testimony regarding the ARDC proceedings for the purpose of impeaching Coghlan, it is well-settled that "one may not impeach by contradiction regarding collateral or irrelevant matters, and that a party may not contradict for the sake of contradiction" *U.S. v. Bitterman*, 320 F. 3d 723, 727 (7th Cir. 2003) (quotation omitted); *see also U.S. v. Williamson*, 202 F. 3d 974, 979 (7th Cir. 2000) (proffered testimony of defense witness to establish bias tended to impeach only on a "collateral or irrelevant" matter); *Young v. James Green Mgmt.*, 327 F.3d 616, 627 (7th Cir. 2003) ("[w]hether Olson blamed Luebbert for certain problems in his life was a collateral matter and, therefore, Green's counsel should not have been permitted to use extrinsic evidence to impeach Olson on this point"); *Marcus & Millichap Inv. Servs. of Chicago, Inc. v. Sekulovski*, 639 F.3d 301, 307 (7th Cir. 2011) (regardless of the importance of bias evidence, trial court has considerable discretion as to how and when bias may be proved and as to what collateral evidence for purposes of impeachment is material).

This court recently addressed a request for ARDC documents in *Abrego v. Reynaldo Guevara*, Case No. 23-cv-01740. Ex. 1 (*Abrego* Order). There, Judge Seeger denied plaintiff's request finding that "if ARDC documents exist, they are unlikely to shed much light." Dkt. 136. The court noted that,

> documents about unrelated conduct, meaning conduct unrelated to the facts of this case, is even less likely to be useful. Overall, the motion is somewhere between a fishing expedition and a shot in the dark. Night bobbers are a thing, and sometimes people do hook things when fishing in the dark. Still, fishing in the dark isn't the best way to go about discovery.

*Id.* Here too, Plaintiff's motion should be denied and Coghlan should be granted protection pursuant to Rule 26(c).

### III. FRE 501 Supports a Finding that ARDC Materials Are Confidential in These Proceedings.

Because Plaintiff's civil rights claims arise under § 1983, this Court is not required to apply state law in determining whether material sought is subject to privilege. "This does not mean, however, that the law of the state may not be considered as one of the factors in making the fact intensive

8

determination of whether or not the asserted privilege applies." *Memorial Hospital for McHenry County v. Shadur,* 664 F.2d 1058, 1061 (7th Cir. 1981).

Rule 501 of the Federal Rules of Evidence provides the framework for determining whether material sought in discovery is privileged. *Shadur,* at 1061 (7th Cir. 1981). Rule 501 provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501.

The Seventh Circuit has established several principles that are useful in interpreting the common law "in light of reason and experience." *Ryan v. C.I.R.*, 568 F.2d 531, 542 (7th Cir. 1977). First, the Supreme Court has recognized that privileges must be narrowly construed because they block the judicial fact-finding function. *Id.* Second, in deciding whether the privilege asserted should be recognized, it is important to take into account the particular factual circumstances of the case in which the issue arises. *Shadur*, at 1061. The court should "weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will, in fact, protect that relationship in the factual setting of the case." (Citation omitted.) *Id.*

The court in *Shadur* explained,

> A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy. And where a state holds out the expectation of protection to its citizens, they should not be disappointed by a mechanical and unnecessary application of the federal rule.

*Id.*, at 1061 (quotations omitted).

Lawyers representing clients in federal courts must follow federal rules, but most "federal courts use the ethical rules of the states in which they sit." *Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) *quoting Huusko v. Jenkins*, 556 F.3d 633, 636 (7th Cir. 2009). The confidentiality provision of Rule 766 ensures the same important policy goals as ABA Model Rule 8.3(a) which dictates that, "a lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority." Maintaining the personal and confidential nature of ARDC complaints is consistent with state and federal interests in promoting that goal. *See Brown v. Montgomery*, 2024 WL 3640338, *2 (N.D. Ill. July 2, 2024) (Maldonado, J.) (finding the Seventh Circuit and Illinois courts describe the privilege as generally applying to any statements or communications made to the ARDC regarding attorney misconduct).

**IV.      Good Cause Exists for Entry of a Protective Order to Prevent Plaintiff from Obtaining Documents or Testimony related to ARDC Proceedings that Did Not Result in Discipline.**

The parties met and conferred regarding the requested materials (*see* Plaintiff's Mot., at 2-3) and were unable to resolve the dispute. Coghlan seeks the protection of this Court. Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order for "good cause shown." Fed R. Civ. P. 26(c). In deciding whether good cause exists, a district court must balance the harm to the party seeking the protective order against the importance of disclosure to [the] public. *McGee v. City of Chi.*, 2005 WL 3215558, *1 (N.D. Ill. June 23, 2005) (quotation omitted). As set forth herein, good cause exists to preclude Plaintiff from obtaining private and confidential ARDC materials the disclosure of which will have no value to these proceedings but will have a chilling effect on the performance of Illinois attorneys' obligation to the bar and will serve only to harass Mr. Coghlan, who is a third-party witness to these proceedings.

**CONCLUSION**

For the reasons set forth herein, this Court should deny Plaintiff's motion to compel. For the same reasons, this Court should find that good cause exists to enter a protective order pursuant to Fed. R. Civ. P. 26(c) barring Plaintiff from seeking materials and/or testimony from Coghlan related to complaints filed before the ARDC.

Dated: November 27, 2024            Respectfully Submitted,

/s/ Elizabeth A. Ekl
*Counsel for Matthew Coghlan*

Elizabeth A. Ekl
BURNS NOLAND LLP
311 South Wacker Drive, Suite 5200
Chicago, IL 60606
(312) 982-0090
eekl@burnsnoland.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I electronically filed the foregoing **Non-Party Witness Matthew Coghlan's Motion For Protective Order and Response to Plaintiff's Motion to Compel Testimony and Documents** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record via the Court's CM/ECF system.

*s/ Elizabeth A. Ekl*