FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | Case No. 22-cv-6141 |
| *Plaintiff*, | ) | |
| | ) | Hon. Edmond E. Chang |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**JOINT EXPERT DISCOVERY PLAN**

Pursuant to this Court's order, ECF No. 272, the undersigned parties provide the below proposed expert discovery plan.

**Plaintiff's proposal:**

1. On May 22, 2025, this Court ordered the parties to submit a full, proposed expert discovery schedule for both Plaintiff and Defendants, including any proposal to extend the current expert disclosure date of June 26, 2025 for Plaintiff. Dkt. 272.

2. Plaintiff proposes the following deadlines:

- Plaintiff's Expert Disclosures: July 25, 2025
- Defendants' Expert Disclosures: August 25, 2025
- Rebuttal Disclosures: September 25, 2025
- Close of Expert Discovery: September 25, 2025

3. Plaintiff proposes this schedule because, as stated during the previous hearing, the City's *Monell* interrogatories in this case are identical to those it served in prior matters, including *Solache v. Guevara*, No. 18-cv-2312 (N.D. Ill.), *DeLeon-Reyes v. Guevara*, No. 18-cv-1028 (N.D. Ill.), *Sierra v. Guevara*, No. 18-cv-3029 (N.D. Ill.), *Iglesias v. Guevara*, No. 19-cv-

6508 (N.D. Ill.), *D. Johnson v. Guevara*, No. 20-cv-4156 (N.D. Ill.), *Gomez v. Guevara*, No. 18-cv-3335 (N.D. Ill.), and *Gonzalez v. Guevara*, No. 22-cv-6496 (N.D. Ill.).

4. In those cases, the parties have already extensively briefed the *Monell* theories of liability at issue here, which involve the same relevant time period as this case. For example, the shooting that resulted in Demetrius Johnson's wrongful conviction occurred mere weeks after the underlying shooting in this case that resulted in Plaintiff's wrongful conviction. Plaintiff has also consistently advised Defendants that the *Monell* claims in this matter mirror those previously litigated.

5. Accordingly, Plaintiff does not believe that a protracted expert discovery period—particularly one extending nearly a year—is warranted or proportionate to the needs of the case.

6. If the Court is inclined to adopt Defendants' proposed schedule, Plaintiff respectfully requests an opportunity to submit briefing on the issue, as he believes the proposed timeline is both unreasonable and prejudicial.

**Defendants' proposal:**

1. On June 5, 2025, Plaintiff provided his answers to the City's contention interrogatories, which differ from others the City previously issued in cases like this one, particularly because they requested Plaintiff identify the scope of the document production he intends to rely on to support his *Monell* theories. Plaintiff took seven weeks to answer them and provided them today, despite informing Defendants and the Court that they would be provided on the date of the last status hearing. The City has not yet had an opportunity to review Plaintiff's response; however, it appears that Plaintiff intends to rely on *Monell* document production combined from other cases, which amount to hundreds of thousands of pages of documents. The City anticipates that all the documents will be addressed in Plaintiff's expert disclosures. And the

City expects that Plaintiff will present new expert analysis, most obviously, because Plaintiff could not meet the original deadline set in this case. Plus, the non-*Monell* expert opinions will necessarily be new because they are unique to Plaintiff's criminal case. For those reasons, Plaintiff's suggestion that Defendants have only thirty days to evaluate Plaintiff's expert reports, depose Plaintiff's experts, and disclose their own experts is insufficient and self-serving. In addition, all three defense firms in this case have a trial scheduled starting on September 8, 2025 in the *Maysonet v. Guevara* matter that is expected to last four weeks. Plaintiff's schedule also does not account for a time for Defendants to depose Plaintiff's rebuttal experts, if any are disclosed.

    2.    For those reasons Defendants propose the following schedule.

- Plaintiff's Expert Disclosures: July 25, 2025
- Defendants to Depose Plaintiff's Experts by October 24, 2025
- Defendants' Expert Disclosures: December 19, 2025
- Plaintiff's Depose Defendants' Experts by February 19, 2026
- Plaintiff's Rebuttal Expert Disclosures: March 19, 2026
- Defendants to Depose Plaintiff's Rebuttal Experts by April 19, 2026

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| /s/ *Catherine M. Barber* | /s/ *Timothy P. Scahill* |
| Catherine M. Barber | Timothy P. Scahill |
| Special Assistant Corporation Counsel | *One of the Attorneys for Defendant Guevara* |
| *One of the Attorneys for City of Chicago* | |
| | |
| Eileen E. Rosen | Timothy P. Scahill |
| Catherine M. Barber | Steven B. Borkan |
| Theresa B. Carney | Borkan & Scahill, Ltd. |
| Austin G. Rahe | 20 S. Clark St., Suite 1700 |
| Lauren M. Ferrise | Chicago, IL 60603 |

Kelly A. Krauchun
Erica Fatima
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 474-1000
cbarber@rfclaw.com

s/ *Josh Engquist*
Josh Engquist
*Special Assistant Corporation Counsel for Defendants Biebel, Mingey, Epplen, Strandberg, and Special Representatives Yanow and Rabbit*

James G. Sotos
Josh M. Engquist
Joseph M. Polick
Thomas J. Sotos
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
(630) 735-3300
jengquist@jsotoslaw.com

312-580-1030
tscahill@borkanscahill.com
sborkan@borkanscahill.com

*/s/ Alyssa Martinez*
Alyssa Martinez
*One of the Attorneys for Plaintiff*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Alyssa Martinez
Loevy & Loevy
311 N. Aberdeen Street
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

4