**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | Case No. 22 C 6141 |
| Plaintiff, | ) | |
| | ) | Hon. Edmond E. Chang |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**DEFENDANTS' *PARTIALLY OPPOSED* MOTION FOR EXTENSION
OF THE EXPERT DISCOVERY SCHEDULE**

Defendants, CITY OF CHICAGO (the "City"), GERI LYNN YANOW, as Special Representative of ERNEST HALVORSEN (deceased), ROBERT BIEBEL, EDWARD MINGEY, LEE EPPLEN, EDWARD STRANDBURG, JANICE RABBIT, as Special Representative of LOUIS RABBIT (deceased), GERI LYNN YANOW, as Special Representative of NOEL CAPORUSSO (deceased), and REYNALDO GUEVARA, by their undersigned attorneys, respectfully move this Honorable Court for an extension of the expert discovery schedule. In support thereof, City Defendants state:

1.      On July 23, 2025, this Honorable Court entered the following expert discovery schedule: (1) Plaintiff's expert disclosures due by August 8, 2025; (2) Defendants to depose Plaintiff's experts by November 10, 2025; (3) Defendants' expert disclosures due by December 8, 2025; (4) Plaintiff to depose Defendants' expert(s) by January 5, 2026; (5) the parties' rebuttal expert disclosures due by February 4, 2026; and (6) expert discovery to close on March 9, 2026. Dkt. 280.

2.      On August 8, 2025, Plaintiff disclosed three experts, Thomas J. Tiderington, Dr. Jennifer Dysart and Dr. Richard Leo.

3.     On September 15, 2025, defense counsel emailed Plaintiff's counsel asking for dates for all Plaintiff's experts' depositions. *See* Email correspondence, attached here as Exhibit 1.Mr. Tiderington's and Dr. Dysart's depositions were subsequently scheduled. On November 5, 2025, City Defendants deposed Mr. Tiderington and are scheduled to depose Dr. Dysart on November 13, 2025.

4.     On October 20, October 23, and November 10, defense counsel emailed Plaintiff's counsel again specifically asking for dates for Dr. Leo's deposition. As of the filing of this Motion, Plaintiff has not provided a date for Dr. Leo's deposition despite repeated requests.

5.     Defense counsel conferred with Plaintiff's counsel via email regarding the filing of this Motion. Plaintiff's counsel informed defense counsel that Plaintiff does not oppose adjusting the dates but proposed resetting the remaining deadlines as follows: (1) Defendants to depose Plaintiff's experts by November 21, 2025; (2) Defendants' expert disclosures due by December 12, 2025; (3) Plaintiff to depose Defendants expert(s) by January 5, 2026; (5) the parties' rebuttal expert disclosures due by February 4, 2026; and (6) expert discovery to close on March 9, 2026.

6.     Plaintiff's proposal is not sufficient because he still has not provided a date for Dr. Leo's deposition after the request has been outstanding for nearly two months.  Even if Plaintiff proposed a date before November 21, that is such short notice that Defendants cannot accommodate it given other matters scheduled.

7.     Further the original expert schedule set by the Court contemplated four weeks from the time that Plaintiff's expert depositions were completed to disclose their experts.  This four week time period is necessary because Defendants have to obtain the transcripts of the depositions and provide them to their experts, and their expert need enough time to review the transcripts and address them in their reports.

8.     Accordingly, in keeping with the Court's original timeframes for expert discovery, Defendants ask this Court to extend the schedule as follows: (1) four weeks from the date Dr. Leo's deposition is set for Defendants to provide their expert disclosures; (2) one month from Defendants' expert discloses for Plaintiff to depose Defendants' experts; (3) one month from Defendants' experts' depositions for the parties' rebuttal expert disclosures; and (4) one month from the parties' rebuttal expert disclosures for expert discovery to close.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order extending the expert discovery schedule as follows:  (1) four weeks from Dr. Leo's deposition for Defendants' expert disclosures; (2) one month from Defendants' expert discloses for Plaintiff to depose Defendants' experts; (3) one month from Defendants' experts' depositions for the parties' rebuttal expert disclosures; and (4) one month from the parties' rebuttal expert disclosures for expert discovery to close.


DATED: November 10, 2025

Respectfully Submitted,

/s/ Catherine M. Barber
Catherine M. Barber
Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren M. Ferrise
Sabrina Scardamaglia
Jacob Karaca
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 474-1000
cbarber@rfclaw.com

*/s/ Timothy P. Scahill*
Timothy P. Scahill
*One of the Attorneys for Defendant Guevara*


Timothy P. Scahill
Steven B. Borkan
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700
Chicago, IL 60603
312-580-1030
tscahill@borkanscahill.com
sborkan@borkanscahill.com


*/s/ Josh Engquist*
*One of the attorneys for*
*Defendants Biebel, Mingey, Epplen, Strandberg,*
*and Special Representatives Yanow and Rabbit*

James G. Sotos
Josh M. Engquist
Joseph M. Polick
Thomas J. Sotos
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
(630) 735-3300
jengquist@jsotoslaw.com