# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | Case No. 22-cv-6141 |
| *Plaintiff*, | ) | |
| | ) | Hon. Edmond E. Chang |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Beth W. Jantz |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

## JOINT STATUS REPORT ON EXPERT DISCOVERY

Pursuant to this Court's order, Dkt. 280, the undersigned parties provide the below update on the status of expert discovery.

1. On July 23, 2025, the Court entered an amended expert discovery schedule setting the following deadlines: (1) Plaintiff's expert disclosures due August 8, 2025; (2) Defendants to depose Plaintiff's experts by November 10, 2025; (3) Defendants' expert disclosures due December 8, 2025; (4) Plaintiff to depose Defendants' experts by January 5, 2026; (5) the parties' rebuttal expert disclosures due by February 4, 2026; and (6) expert discovery to close on March 9, 2026. Dkt. 280.

2. On August 8, 2025, Plaintiff disclosed three experts: (1) Thomas J. Tiderington, (2) Dr. Jennifer Dysart, and (3) Dr. Richard Leo.

3. Mr. Tiderington was deposed on November 5, 2025, and Dr. Dysart was deposed on November 13, 2025.

4. Due to the existing schedule and Dr. Leo's limited availability, Defendants proposed an extension to the remaining expert deadlines.

5. Plaintiff agreed that a limited extension was appropriate but did not believe the length of the extension sought by Defendants was warranted given that Dr. Leo had been deposed previously in other *Guevara* matters. Defendants disagreed, considering Dr. Leo's opinions are unique to this case, and, as of the date of the motion, Plaintiff had still not provided Defendants with a date for his deposition. The parties were unable to reach agreement on the length of the extension and reached an impasse.

6. On November 10, 2025, Defendants moved for an extension of time and proposed the following revised schedule: (1) Defendants' expert disclosures to be due four weeks after Dr. Leo's deposition; (2) Plaintiff to depose Defendants' experts within one month of those disclosures; (3) the parties' rebuttal expert disclosures to be due one month after Defendants' expert depositions; and (4) expert discovery to close one month thereafter. Dkt. 286.

7. On the evening of November 12, 2025, Plaintiff proposed December 5, 2025 as the date for Dr. Leo's deposition. On November 17, Defendants informed Plaintiff that December 5 was not feasible. Plaintiff then proposed December 10, 2025. Defendants are evaluating whether they can make that date work.

8. Of note for the Court, counsel for the parties are scheduled to begin trial in another *Guevara* matter, *Demetrius Johnson v. Guevara, et al.*, No. 20-cv-4156, on January 5, 2026. The trial is expected to last approximately three weeks and will necessarily affect the parties' availability for expert discovery.

9. In light of the forthcoming trial and assuming Dr. Leo's deposition is held in the first half of December, Plaintiff respectfully proposes the following amended expert discovery schedule: (1) Defendants to depose Plaintiff's experts by December 15, 2025; (2) Defendants' expert disclosures due January 2, 2026; (3) Plaintiff to depose Defendants' experts by February

2

13, 2026; (4) the parties' rebuttal expert disclosures due March 6, 2026; and (5) expert discovery to close on March 27, 2026.

      10.     Defendants are certainly amenable to accommodating additional time for Plaintiff to depose Defendants' experts in light of the *Johnson* trial. However, setting this schedule at this time is premature because defense counsel may not have coverage for Dr. Leo's deposition on December 10. If an additional date is needed, that unnecessarily impacts the rest of the schedule. Further, given the delay in securing a deposition date for Dr. Leo on Plaintiff's part, Defendants do not agree to Plaintiff's proposal that they provide their expert disclosures the day immediately after the New Year's holiday, which is also the Friday before the *Johnson* trial is set to start.

      11.     The parties propose submitting their proposals for an amended expert discovery schedule on November 21, 2025, when they expect to have the date for Dr. Leo's deposition confirmed.

Dated: November 17, 2025                  Respectfully submitted,

| | |
|---|---|
| /s/ *Alyssa Martinez* | /s/ *Catherine M. Barber* |
| Alyssa Martinez | Catherine M. Barber |
| *One of the Attorneys for Plaintiff* | Special Assistant Corporation Counsel |
| | *One of the Attorneys for City of Chicago* |
| Jon Loevy | |
| Anand Swaminathan | Eileen E. Rosen |
| Steve Art | Catherine M. Barber |
| Sean Starr | Theresa B. Carney |
| Alyssa Martinez | Austin G. Rahe |
| Loevy & Loevy | Lauren M. Ferrise |
| 311 N. Aberdeen, 3rd Floor | Sabrina Scardamaglia |
| Chicago, IL 60607 | Jacob Karaca |
| (312) 243-5900 | Rock Fusco & Connelly, LLC |
| alyssa@loevy.com | 333 W. Wacker, 19th Floor |
| | Chicago, Illinois 60606 |
| | (312) 474-1000 |
| | cbarber@rfclaw.com |

3

| | |
|---|---|
| */s/ Timothy P. Scahill* <br> Timothy P. Scahill <br> *One of the Attorneys for Defendant Guevara* <br><br> Timothy P. Scahill <br> Steven B. Borkan <br> Borkan & Scahill, Ltd. <br> 20 S. Clark St., Suite 1700 <br> Chicago, IL 60603 <br> 312-580-1030 <br> tscahill@borkanscahill.com <br> sborkan@borkanscahill.com | */s/ Josh Engquist* <br> Josh Engquist <br> *One of the attorneys for Defendants Biebel, Mingey, Epplen, Strandberg, and Special Representatives Yanow and Rabbit* <br><br> James G. Sotos <br> Josh M. Engquist <br> Joseph M. Polick <br> Thomas J. Sotos <br> THE SOTOS LAW FIRM, P.C. <br> 141 W. Jackson Blvd, Suite 1240A <br> Chicago, IL 60604 <br> (630) 735-3300 <br> jengquist@jsotoslaw.com |